[No. 5535.]
[No. 3210 C. A.]

CITY OF PUEBLO ET AL. .V. STANTON ET AL.

1. **Municipal Corporations—Ordinance Exceeding Corporate Powers Enjoined**—Proceedings for the annexation of territory, exceeding corporate authority, will be enjoined at the suit of the property owner.—(526, 527)

2. **Municipal Boundaries—Extension**—It seems that the purchase by a municipal corporation of contiguous lands does not extend the boundary of the municipality so as to include such lands.—(527)

The boundary line must be an unbroken line.—(528)

3. **Municipal Corporation — Annexation of Territory —** The determination of whether contiguous territory shall be annexed rests with the qualified electors of the municipality.—(527)

4. **Words and Phrases**—The words "included" and "embraced" are synonyms.—(528)

5. **Statutes Construed—Mills' Stats., § 4389a.**—(526-528)

*Appeal from Pueblo District Court*—Hon. N. WALTER DIXON, Judge.

Mr. D. A. HIGHBERGER and Mr. ROBERT E. GAST, for appellants.

Messrs. HARTMAN & BALBREICH, for appellees.

CHIEF JUSTICE STEELE delivered the opinion of the court:

Before the final passage of an ordinance of the city of Pueblo, but after it had reached such a stage in its passage that the proposed ordinance was published in a newspaper of the city, the owners of a certain tract of land sought to be annexed to the city by the proposed ordinance, secured, after notice and hearing, a temporary writ of injunction restraining the city authorities from proceeding further in the passage and adoption of the ordinance; and, upon the final hearing thereof, the said temporary writ was made permanent. The facts necessary for a determination of the question involved are as follows: . A tract of land known as the Stanton and Chilcott tract lies in what may be termed the heart of the city of Pueblo, but it has never been platted into lots and blocks, and the city has not, by ordinance or otherwise, defined the boundaries of the city so as to include this tract within the boundaries; that is, the tract is not surrounded by the boundary lines of the city. The purpose of the ordinance was to annex this tract to the city. The accompanying plat, filed with appellant's brief, shows the tract in question and lands adjacent, and is sufficiently accurate for the purposes of a discussion of the questions presented. The land lying north of this tract, and designated on the plat as Park Property, is owned by the city, and was acquired by the city for park purposes; but no act of the city expressly annexing the property has been taken. The property, at the time it was acquired, was without the limits of the city. One of the witnesses connected with the city engineer's office of the city testified that the boundary lines of the city extended from a point east of the Stanton and Chilcott tract to the northeast corner thereof,

and extended thence in a northerly direction, by an
unbroken line, to the northern boundary of the city,
which is a mile or more distant from the property in
question. He stated, on cross-examination, that his
reason for extending the line of the boundary from
the northeast quarter of the Stanton and Chilcott
tract, north, was the fact that the city was the owner
of the property on the north. If the boundary line

of the city extends northward from the northeast corner of the Stanton and Chilcott tract, then the tract is surrounded by the boundary lines of the city. If the boundary line extends southward from the northeast corner of the tract, then the tract is not surrounded by the boundary lines of the city.

So much of section 4389-a, 3 Mills' Ann. Stats., Rev. Supp., as is pertinent to the question, is as follows:

"That whenever any tract or tracts of land adjoining to any city of the first class, but not embraced within the limits of any municipal corporation, shall have, by its owners, been laid out into lots, blocks, streets and alleys, according to any recorded map or plat showing such lots, blocks, streets and alleys, or whenever any tract or parcel of land is included or embraced within the corporate limits, but has not been made a part of such city, the council of such city may, by ordinance, declare such tract or tracts adjoining to such city annexed thereto."

Counsel for appellant submits two questions for our determination:

1. "Did the complaint entitle the appellees to injunctive relief?"

2. "Is the tract covered by the ordinance included or embraced within the corporate limits of the city of Pueblo, within the meaning of the statute above cited?"

Counsel do not urgently contend that if the proposed ordinance is without authority of law, it is not within the power of a court of equity to enjoin its adoption. Where the proceedings of a municipal corporation in the annexation of adjacent territory to the municipality are in excess of the corporate powers and authority, they may be enjoined by property owners, both upon the ground of preventing illegal annexation, and to prevent a change of

the property of cities from the territorial limits of one municipality, or political body, to those of another.—High on Injunctions (4th ed.), § 1254. We find no authority in support of the proposition that the purchase by the city of contiguous property makes the property a part of the city, or extends the boundary lines to include the property purchased. Authority is given for the purchase of property for park purposes without the city limits, and such property, when purchased, although the city has jurisdiction over it, for certain purposes, and to that extent it becomes a part of the city, is not included within the boundary lines of the city unless the proper procedure is taken for annexation.

The manner of annexing contiguous territory is provided for by the chapter on towns and cities, and the right of determining whether such territory shall or shall not be annexed appears to rest with the qualified electors of the city, and not with the council or trustees; and as towns and cities have only such power as is granted them by the legislature, we must hold that the mere purchase of property, for park purposes, does not extend the boundaries of the city, nor annex the property to the city. We must, therefore, hold that the boundary line of the city extended southward from the northeast corner of the Stanton and Chilcott tract, so as to exclude the tract from the city limits.

But, counsel say: "Admitting, for the sake of argument, that the property marked park property is not a part of the city, the tract covered by the ordinance is still 'included or embraced' within the city limits, within the meaning of the statute, for the limits of the city would then run north at the railroad tracks, and, at the north of Mineral Palace Park, would turn east and run as far east as the eastern limits of the land covered by the ordinance, before it

again turns north. The land included in the ordinance would then have the city limits extended on all sides, north, south, east and west.''

But, if the land marked ''Park Property'' is not a part of the city, the boundary line, when it reaches the northeast corner of the Stanton and Chilcott tract, must be extended south. There is no authority to extend the line from the northeast corner of the tract in question to the railroad tracks. The boundary line must be an unbroken line, and should, at each and every point, separate property within from property without the city limits. The words ''included'' and ''embraced,'' we regard as synonymous, as used in the statute, and when property is, by the boundary lines of a city, excluded from the limits thereof, such property cannot be regarded as ''included'' or ''embraced'' therein.

It follows, from what we have said, that if the city desires to annex the property of the appellees, it must proceed under the statute providing for the annexation of property contiguous to cities and towns.

The judgment is affirmed.          *Affirmed.*

Mr. JUSTICE CAMPBELL and Mr. JUSTICE WHITE concur.