**H. E. MILLER et ux., Appellants,**

v.

**CITY OF MERCEDES et al., Appellees.**

No. 3724.

Court of Civil Appeals of Texas.

Eastland.

Oct. 12, 1962.

Rehearing Denied Nov. 2, 1962.

James H. Lauderdale, Mercedes, for appellants.

J. D. Vollmer, Mercedes, for appellees.

COLLINGS, Justice.

H. E. Miller and wife Edna Mae Miller brought suit against the City of Mercedes, a municipal corporation, and its City Commissioners seeking to restrain the enforcement of an annexation ordinance which plaintiffs alleged to be void. Plaintiffs alleged that they were at all times material hereto residents of the area proposed to be annexed and owned their home within that area which will be burdened with taxes of the City of Mercedes under the ordinance which plaintiffs attack as being void.

Both plaintiffs and defendants filed motions for summary judgment. After hearing upon said motions, plaintiffs' motion was denied and the defendants' motion granted. Summary judgment was rendered that plaintiffs take nothing and that the injunctive relief sought by them be denied. H. E. Miller and wife have appealed.

Appellants present points in which they urge that the court erred (1) in entering summary judgment in favor of appellees because they contend the ordinance of annexation is void in that it shows on its face that there is a material variance in the description of the property purported to be annexed from that described in the notice of hearing required by the Charter of the City, and erred (2) in entering judgment denying appellants' motion for summary judgment for the reason that it is conclusively established by the pleadings and affidavits attached to appellants' motion that there is a variance of approximately 3 square miles in the description of the property set out in the notice of hearing and that described in the

annexation ordinance, and that, therefore, such ordinance is void.

The City of Mercedes is a home rule city and Article 1, Section 3, of its charter contains the following provisions:

"Section 3. The boundaries and limits of the City of Mercedes as herein defined, or as hereafter existing, may be extended so as to include within the corporate limits of the city any territory, or several areas, adjoining the limits of the city as then existing, by an ordinance passed by the City Commission specifically defining the territory or area to be annexed, and upon the passage and publication of said ordinance as herein provided such annexed territory or area shall thereupon become a part of the city, and the property and inhabitants within such area shall thereupon be vested and burdened with all of the rights, privileges and obligations thereof, provided, however, such ordinance shall not be passed by the City Commission unless and until either one of the following conditions have been complied with, to-wit:

"(a) * * *

"(b) That notice has been given to each property tax-paying voter residing within the territory or area to be annexed, of the intention of the City Commission to pass such ordinance, and an opportunity afforded to all persons interested to be heard upon the question of the annexation of such territory or area to the city, at the time and place designated in said notice. The notice herein provided for shall contain a brief declaration of the intention of the City Commission to pass an ordinance including such territory or area within the city, specifically defining such territory or area, setting a time and place for a hearing upon said question, signed by the City Secretary, or his assistant, and shall be mailed to each property tax-paying voter residing within such territory or area at least (20) days prior to the date set for said hearing. The depositing of such notice addressed to such property tax-paying voter, in the United States mails at Mercedes, Texas, addressed to such property tax-paying voter residing within said territory, at his last known address, shall be deemed sufficient delivery of said notice. The hearing provided for herein shall be before the City Commission at the time and place designated in said notice, but said hearing may be adjourned from time to time, or day to day, until completed, and at which said hearing any person interested shall be granted a full opportunity to be heard upon the question of the annexation of said territory or area to the city. The action of the City Commission upon said hearing shall be recorded upon the minutes of the City Commission.

"The ordinance herein provided for shall be published for two consecutive weeks in a newspaper published within the City of Mercedes, and upon the publication thereof it shall be conclusively presumed that all requirements of law, and of this charter have been regularly and legally complied with for the proper annexation of said territory or area to the city."

■ The annexation of additional territory and the extension of the city limits of a municipality must be in compliance with whatever requirements are imposed by the city charter or the statutory authority under which the municipality operates. However, an immaterial variation from such requirements is not fatal and does not render void an ordinance of annexation. 62 C.J.S. Municipal Corporations § 55, pp. 157, 158.

It is undisputed that the territory described in the notice of hearing of the annexation covered an area approximately three miles larger than the area described in the annexation ordinance. Appellants contend that such a variance renders the ordinance void. This contention is the basis of both points urged by appellants. Appellants

contend that one of the requirements for the annexation of territory set out in the charter of the City of Mercedes was the giving of notice to each property taxpaying voter residing within the territory of the intention of the city commission to pass an ordinance annexing the territory and that the charter requires that such territory shall be specifically defined in the notice. Appellants do not question the sufficiency of the notice given except as hereinafter set out. Appellants contend, however, that no notice was given of the intention of the Mercedes City Commission to pass the ordinance here in question; that the only notice given was a notice of intention to pass a different ordinance defining a different territory, that is, a more extensive territory than that described in the ordinance of annexation in controversy.

■ It is also undisputed that the territory annexed by the ordinance of the City of Mercedes lies wholly within the boundaries of the territory described in the notice. An examination of the provisions of the material portions of the charter of the city as above set out shows that a notice of hearing is required to afford each property taxpaying voter residing within the territory to be annexed and all other persons interested therein an opportunity to be heard upon the question of annexation. Such notice was given. The notice contained a brief declaration of the intention of the city commission to pass an ordinance of annexation specifically defining the area intended to be annexed which included the territory described in the ordinance of annexation actually passed. The notice, therefore, did specifically define or describe the territory annexed. This in our opinion was a substantial compliance with the requirement of the charter concerning the description of the territory to be annexed. The variance between the description of the area described in the notice and the description of the territory described in the annexation ordinance is not in our opinion a material one, and the annexation is not void.

Appellants particularly rely upon the case of the City of River Oaks v. Lake Worth Village, Tex.Civ.App., 231 S.W.2d 768, (Ref.N.R.E.). That case is distinguishable from the instant case. The city charter involved in the case of City of River Oaks provided that upon the introduction of any annexation ordinance in the city council it should "be published in the form it may finally be passed." The evidence in that case showed that the annexation ordinance there involved did not include all of the territory described in the notice. The annexation ordinance in that case therefore failed to comply with the provisions of the city charter by failing to publish such ordinance "in the form in which it may finally be passed." There was no such provision in the charter of the City of Mercedes.

There is another distinction and difference between the City of River Oaks' case and the instant case. The amended ordinance of annexation in the City of River Oaks' case was never published. The ordinance of annexation in the instant case was, as required by the charter of the City of Mercedes, "published for two consecutive weeks in a newspaper published within the City of Mercedes." It is not contended that there is any variation or anything wrong with the description of the territory in the publication of the ordinance except that it does not include all of the land described in the original notice of hearing given to each property taxpaying voter residing within the territory or area to be annexed. The variance complained of by appellants is not, in our opinion, material and their contention that the ordinance of annexation is void by reason thereof is not well taken.

Appellants' contention in this respect is not well taken for still another reason. The provision of the charter of the City of Mercedes that the ordinance of annexation should be published for two consecutive weeks in a newspaper within the city provided further that "upon the publication thereof it shall be conclusively presumed

that all requirements of the law, and of this charter have been regularly and legally complied with for the proper annexation of said territory or area to the city." It is undisputed that the annexation ordinance in question was published for two consecutive weeks in a newspaper published within the City of Mercedes.

For the reasons stated, appellants' points are overruled and the judgment of the trial court is affirmed.