## No. 23614.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ARAPAHOE, STATE OF COLORADO; SHERIDAN SCHOOL DISTRICT NO. 2, ARAPAHOE COUNTY, AND BOB D. MCAFEE, EDNA JEANNE MCAFEE, JAMES E. JACKSON, DENMER A. WELLS, JR., DOROTHY M. WELLS, JACK O. BANKS, DOROTHY BANKS, JOHN L. DORLAC, JR., AND JUANITA J. DORLAC *v.* THE CITY AND COUNTY OF DENVER, A MUNICIPAL CORPORATION; THE CITY COUNCIL OF THE CITY AND COUNTY OF DENVER; ROBERT B. KEATING, JOHN F. KELLY, IRVING S. HOOK, PAUL A. HENTZELL, KENNETH M. MACINTOSH, CARL N. DETEMPLE, EDWARD F. BURKE, JR., ELVIN R. CALDWELL, AND ERNEST P. MARRANZINO, IN THEIR CAPACITIES AS BEING AND CONSTITUTING THE MEMBERS OF THE CITY COUNCIL OF THE CITY AND COUNTY OF DENVER; AND EARL WANKE, AS ASSESSOR OF THE COUNTY OF ARAPAHOE; AND PAUL W. WOLF, AS THE TREASURER OF THE COUNTY OF ARAPAHOE, AND LAWRENCE BAULER, DOUGLAS TUCK, JOHN H. MCLAUGHLIN, JOHN E. CARON, CHARLES J. MACKET, GLEN H. ADAMS, DAVID R. MILEK, DONALD R. OLSON, AND JOSEPH DELIO.

(459 P.2d 292)

Decided September 22, 1969.    Rehearing denied October 20, 1969.

Ronald Loser, County Attorney, Creamer & Creamer, George Creamer, for plaintiffs in error.

Max P. Zall, City Attorney, Herman J. Atencio, Assistant, for defendants in error.

Kripke, Hoffman, Carrigan & Dufty, Daniel S. Hoffman, for individual defendants in error Bauler, Tuck, McLaughlin, Caron, Macket, Adams, Milek, Olson and DeLio.

*En Banc.*

Opinion by Mr. Chief Justice McWilliams.

This is an annexation case and concerns certain land which was the subject of a prior annexation proceeding. That particular annexation proceeding, however, upon judicial review was invalidated by us in *Elkins v. Denver*, 157 Colo. 252, 402 P.2d 617. In that case we voided the annexation on the ground that a holder of an option to purchase land not being the owner in fee was therefore not a landowner within the meaning of C.R.S. 1963, 139-10-3.

Thereafter, those residing in the affected area determined to initiate new annexation proceedings. Accordingly, another petition for annexation was presented to the legislative body of the city to which annexation was sought, namely, the city council for the City and County of Denver, and thereafter the council by resolution accepted the petition and subsequently by ordinance approved the annexation.

The present plaintiffs in error, hereinafter referred to as the plaintiffs, then instituted an action under C.R.S. 1963, 139-10-6 wherein they sought to invalidate the second annexation of this particular territory, which as above indicated is substantially the same as the area earlier sought to be annexed. The trial court upon hearing upheld the annexation and dismissed the complaint and by this writ of error the several plaintiffs seek reversal of the adverse judgment suffered by them in the trial court.

One facet of the present controversy stems from the fact that in the area sought to be annexed are three parcels of tax exempt land, namely, the Fort Logan Cemetery, Mullen High School, and a park owned by Denver. The petition for annexation with which we are here concerned was signed by some 1,153 persons, representing over 90% of those eligible to petition for annexation. There were no counter petitions, and none

of the plaintiffs who seek to invalidate the annexation reside in the area sought to be annexed.

■ At the outset it should be noted that the annexation here sought to be accomplished was brought under C.R.S. 1963, 139-10-1 through 9. In 1965 the General Assembly repealed the aforesaid article in its entirety and enacted into law that which is referred to by short title as The Municipal Annexation Act of 1965 and which now appears as 1965 Perm. Supp., C.R.S. 1963, 139-21-1 through 23. Under such circumstances we are understandably disinclined to engage in any extended discourse as to the meaning or interpretation to be given a legislative act now repealed.

■ No witnesses were called by any party upon the trial of this matter and the case was tried upon the basis of certain stipulations between the parties and a comprehensive pretrial order which included by reference various and sundry documentary exhibits. As above indicated, the trial court upheld the annexation and dismissed the plantiffs' complaint and in so doing found and concluded, among other things, that: (1) the Denver city council did make adequate findings concerning the eligibility of the territory sought to be annexed; (2) that the petition for annexation, including the descriptions contained therein, did "substantially comply" with the requirements of the applicable statute, namely, C.R.S. 1963, 139-10-3; (3) and that the map or plat required by the aforesaid statute to be submitted with a petition for annexation did show with "reasonable certainty" the territory to be annexed. Plaintiffs now argue that each of these several findings and conclusions of the trial court is erroneous and not justified by the record before the trial court. We do not agree. In line with our prior comment we simply observe that in our view the findings and conclusions of the trial court are supported by the record and are correct.

■ One matter perhaps does deserve comment. As above noted, included within the land sought to be

annexed were three parcels of tax exempt property, *i.e.*, the Fort Logan Cemetery, Mullen High School, and a park owned by Denver. From the record it would appear that these exempt lands, or at least a part of them, abutted on and were contiguous to Denver and that without the inclusion of such property the area sought to be annexed would not meet the requirements of C.R.S. 1963, 139-10-2 (1) (c) that "one-sixth of the aggregate external boundaries of the territory proposed to be annexed must coincide with existing boundaries of the annexing municipality." In other words, these tax exempt properties form a portion of the perimeter of the territory to be annexed which abuts upon and is contiguous to Denver. Plaintiffs' position apparently is that though tax exempt land may be included *within* the area sought to be annexed, such may not be situated on the perimeter abutting on the annexing municipality and thus used in meeting the contiguity requirements of C.R.S. 1963, 139-10-2 (1) (c). We do not agree. Certainly the statute contains no such restrictions and we are not inclined to engraft onto the law such limitations by judicial interpretation. Nor do we agree with the suggestion that *Pueblo v. Stanton,* 45 Colo. 523, 102 P. 512 requires such a result.

Plaintiffs also attempt to raise certain constitutional issues flowing from the changing of boundary lines, and in this regard suggest that our holding in *Comissioners v. Denver,* 150 Colo. 198, 372 P.2d 152 is modified by *Lucas v. Forty-Fourth General Assembly,* 377 U.S. 713, 84 S.Ct. 1472, 12 L.Ed.2d 632. Suffice it to say we deem this line of argument also to be without merit and we perceive no error in this regard.

The judgment is therefore affirmed.

MR. JUSTICE LEE not participating.