No. 25219

Jean L. Adams, et al. v. The City of Colorado Springs,
et al. and Vera E. Baggett, et al. v.
The City of Colorado Springs, et al.

(496 P.2d 1005)

Decided May 8, 1972.                     Rehearing denied May 30, 1972.

Creamer and Creamer, Quiat and Quiat, P.C., Alan H. Bucholtz, for plaintiffs-appellants.

Gordon D. Hinds, City Attorney, Geddes and Sparks, for defendants-appellees.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is a consolidated review of two proceedings involving land unilaterally annexed by the City of Colorado Springs pursuant to 1965 Perm. Supp., C.R.S. 1963, 139-21-5(2)(a). Annexation number 1, relates to a tract containing approximately 3,000 acres of land lying to the north of that city. Annexation number 2, relates to a smaller tract of land, approximately 600 acres,, lying southerly of annexation number 1. The parties indicate that the entire area is generally referred to as the Cragmor area. Appellants, who oppose the annexations, reside in Cragmor.

Annexation number 1 was commenced by the adoption of a resolution of intent to annex on September 23, 1969. City Council proceeded with a hearing on October 28, 1969, as set forth in the resolution. Counsel for the city, however, conceded that requisite proof, pursuant to section 139-21-5(2)(a), of two-thirds boundary contiguity was lacking. The hearing was continued until November 12, 1969, and then continued again until December 12, 1969, when it was heard in its entirety. The pertinent evidence was as follows: A map indicating the area to be annexed was introduced into evidence which portrayed an area different than that described in the resolution of intent, increasing the total lineal

boundary of the territory annexed by about 9,000 feet. While not apparent from the map itself, the testimony of the city engineer, a registered land surveyor, who prepared the map along with a map contained in the appellants' complaint, makes it clear that the territory actually annexed was included within the description contained in the resolution of intent. The engineer also testified that, while he did not make a survey, the map he prepared was based on annexation and subdivision plats previously surveyed and recorded highway and public road right-of-way deeds. Some annexation plats did not close, and a few plats were without dimensions so that the engineer had to scale distances from known points. All of the information used in preparing the map was available in Council chambers, although it was not made a part of the record. The engineer further testified that the territory to be annexed in annexation number 1 had been more than two-thirds contiguous with Colorado Springs for a period of not less than three years, as required under section 139-21-5(2)(a). While counsel for appellants cross-examined witnesses, he did not call any witnesses or otherwise present any evidence.

At the conclusion of the hearing, City Council made findings substantially in the terms of 1965 Perm. Supp., C.R.S. 1963, 139-21-4, 5 and 19 in favor of annexation number 1, and adopted the annexation ordinance December 23, 1969. Pursuant to 1965 Perm. Supp., C.R.S. 1963, 139-21-15, appellants sought review in the lower court, which upheld the annexation.

Annexation number 2 was commenced by the adoption of a resolution of intent to annex on October 14, 1969. Hearing thereon was set for November 25, 1969, but was vacated and re-scheduled for December 9, 1969. On that date, City Council adopted a resolution of intent superseding the October 14, 1969, resolution, and amending the description of the territory to be annexed. A hearing was set for and held on January 13, 1970. The pertinent evidence was as follows: A map indicating the area to be annexed, as described in the December 9, 1969 resolution, was placed in evidence. The

city engineer testified that it had been prepared in the same manner as the map of annexation number 1, and that the territory to be annexed was more than two-thirds contiguous with Colorado Springs for a period of not less than three years, as required under section 139-21-5(2)(a).

All of the information used in preparing the map was available in Council chambers, although it was not made a part of the record. A representative of the city's planning department testified that there existed within the territory to be annexed a tract of land containing over 20 acres with an assessed valuation exceeding $200,000 and that consent for inclusion had not been had. *See* section 139-21-4(3) and 5(2)(a). Appellants relied entirely on cross-examination of witnesses at the hearing and offered no witnesses on their behalf.

At the conclusion of the hearing, City Council made findings substantially in the terms of sections 139-21-4, 5 and 19, favoring the annexation. An ordinance was adopted effecting annexation number 2 on January 27, 1970. Appellants sought review in the lower court pursuant to section 139-21-15, and that court upheld the annexation.

The two cases were combined in the lower court and were consolidated in this court on appeal. We affirm in both cases.

I.

Appellants' objection regarding annexation number 1 involves the variance in the description of the territory to be annexed between the September 23, 1969 resolution of intent and the description contained in the subsequent annexation ordinance. Specifically, appellants contend that the variance so tainted the resolution as to render notice thereof both statutorily and constitutionally insufficient. Thus, it is asserted, the City Council proceeded without jurisdiction and the annexation is void. We disagree.

On the question of whether appellants were deprived of due process because of the variance, it need only be noted that the legislature may give to municipalities the power to annex upon any condition it chooses to impose. The only question presented is whether the notice actually

given comports with the pertinent provisions of the Municipal Annexation Act of 1965. *Cf. Swift v. City of Phoenix,* 90 Ariz. 331, 367 P.2d 791. In this regard, section 139-21-5(2)(b) provides that the resolution of intent describing the area to be annexed shall be published. All of the area annexed by the ordinance was described in the published notice. All of the persons affected were on notice and were represented at the hearing. In *Miller v. City of Mercedes,* 361 S.W.2d 464 (Tex Court of Civ. App., 1962), the court, faced with the same issue presented here, stated:

"The annexation of additional territory and the extension of the city limits of a municipality must be in compliance with whatever requirements are imposed by the city charter or the statutory authority under which the municipality operates. However, *an immaterial variation from such requirements is not fatal and does not render void an ordinance of annexation.* 62 C.J.S. Municipal Corporations § 55, pp. 157, 158." (Emphasis added.)

*See State v. City of Columbia,* 208 Tenn. 59, 343 S.W.2d 888. The variance in the descriptions deleting some territory was immaterial as to the area remaining, and the statute was complied with. *Miller v. City of Mercedes, supra.*

II.

Appellants' objection to annexation number 2 involves the presence of a 20-acre tract within the annexed territory. Appellants contend that the existence of such a tract of land divested City Council of jurisdiction to annex by virtue of their suggested interpretation of sections 139-21-4(3) and 139-21-9(1)(b) and (c). The pertinent portions of the two sections read:

"139-21-4. *Limitations.* —(1) Notwithstanding any provisions of this article to the contrary, the following limitations shall apply to all annexations:

* * *

"(3) In establishing the boundaries of any territory to be annexed, no land held in identical ownership, whether consisting of one tract or parcel of real estate or two or more contiguous tracts or parcels of real estate, comprising twenty

acres or more which, together with the buildings and improvements situated thereon has an assessed value in excess of two hundred thousand dollars for ad valorem tax purposes for the year next preceding the annexation, shall be included under this article without the written consent of the landowner or landowners, unless such tract of land is situated entirely within the outer boundaries of the annexing municipality as they exist at the time of annexation. In the application of this subsection (3), contiguity shall not be affected by a dedicated street, road, or other public way.

\* \* \*

"139-21-9. *Findings.*—(1)(a) Upon the completion of the hearing, the city council of the annexing municipality shall, by resolution, set forth its findings of fact and its conclusion based thereon with reference to the following matters:

"(b) Whether or not the requirements of the applicable parts of sections\* \* \* 139-21-4 have been met;

"(c) \* \* \* A finding that the area proposed for annexation does not comply with the applicable provisions of such sections\* \* \* 139-21-4 shall terminate the annexation proceeding."

■ On the question of the effect of the existence of such a tract of land on the proceeding, we again note the careless draftsmanship, as we have in *Breternitz v. Arvada,* 174 Colo. 56, 482 P.2d 955, and *Pomponio v. City of Westminster,* 178 Colo. 80, 496 P.2d 999. No contention has been made that the statute is unconstitutional by reason of vagueness and ambiguity. The section is susceptible to two interpretations. Appellants assert that the existence of a 20-acre tract as described in 139-21-4(3) terminates the entire proceeding by virtue of section 139-21-9(1)(c). We do not so read the statute. We hold that only if there is such a tract as would affect the establishment of the boundaries, *i.e.,* the outer perimeters of the area to be annexed, does the statute cause the annexation proceedings to terminate. If the boundaries of the annexed area are not affected, the excluded tracts of 20 acres or more are not to be included in the annexed territory, but the annexation continues. If the legislature meant to

refer to such tracts "within the area or territory to be annexed" (rather than referring to "establishing the boundaries"), it would have said so as it did in other sections dealing with problems within the territory to be affected. It seems clear that the exclusion provided in section 139-21-4(3) could effect the two-thirds contiguity required. *See Johnston v. City Council of Greenwood Village,* 178 Colo. 223, 493 P.2d 651. Under this interpretation, there was no lack of compliance with section 139-21-4(3).

### III.

In both annexations numbers 1 and 2, appellants object to the generality of the findings and the sufficiency of the evidence, with particular reference to the contiguity requirement of section 139-21-5(2)(a).

As was stated above, City Council had before it all maps, records and other pertinent information within the city's files, and a summary thereof by mathematical calculation was presented at the hearing on the maps used as exhibits. The city engineer's calculations show the entire lineal boundary of the territories annexed to be about 92,000 feet in annexation number 1 and about 39,000 feet in annexation number 2. According to the same calculations, there are excesses of boundary which have been contiguous for over three years of about 13,000 feet in annexation number 1 and about 4,000 feet in annexation number 2. In contrast, appellants produced no evidence or any engineering data to contradict the city engineer. Under the circumstances, they failed to go forward to demonstrate any deficiency in the boundaries to defeat the contiguity requirement. We also note, as above, that findings of ultimate fact were substantially in the language of the statute and are sufficient when based on evidence not specifically controverted by other evidence in the record. *Pomponio v. City of Westminster, supra.*

Appellants' other arguments have been considered and require no comment. They have been fully answered in *Breternitz* and *Pomponio, supra,* and also in a Federal suit brought by these same parties and decided in *Adams v.*

*Colorado Springs,* 308 F. Supp. 1397 (1970), *aff'd. mem.* 399 U.S. 901, 90 S.Ct. 2197, 26 L.Ed.2d 555.

The judgments are affirmed.

MR. CHIEF JUSTICE PRINGLE not participating.