## No. 25120

In the Matter of the Petition of the City of Westminster, Colorado, for an Annexation Election pursuant to Section 139-21-13, Colorado Revised Statutes, 1963, as amended v. The City of Northglenn

(498 P.2d 343)

Decided May 30, 1972.                    Rehearing denied July 10, 1972.

Stitt, Wittenbrink & Roan, Holland and Hart, David J. Hahn, James R. Stitt, Haradon Beatty, Warren L. Tomlinson, for petitioner-appellee.

John S. Carroll, Charles B. Howe, for respondent-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This case arises out of a dispute between the Cities of Westminster and Northglenn over the annexation of two tracts of land, the larger of which was owned by Western Electric and Front Range Denver. The petition to annex to Northglenn was filed July 5, 1970. On August 10, 1970, the petition to annex to Westminster was filed with its City Council. The contest is over territory which was contained in both annexation petitions. The principal disputed area was not contiguous to either city, but it was included in petitions filed with the City Councils of both cities seeking to annex substantially larger areas. The smaller disputed area likewise did not have a one-sixth boundary contiguity with Westminster, except for its inclusion within the total territory sought to be annexed.

After the filing of the second petition to annex the overlapping territory to Westminster, that city, pursuant to 1965 Perm. Supp., C.R.S. 1963, 139-21-13, on August 11, 1970, petitioned the District Court of Adams County for the appointment of election commissioners to hold an election in the disputed area.

The court thereupon entered an order for an election in the disputed area to be held on September 15, 1970, and stayed further proceedings by Northglenn pending the outcome of the election.

The result of the election held in the contested area favored both *annexation* and *annexation to Westminster.* The court on November 9, 1970, entered an order permitting the disputed areas to be annexed to Westminster. No appeal was taken from that order.

Also, on August 11, 1970, at the request of Northglenn, the trial court set the matter down for further hearing on August 21, 1970, on the validity of Westminster's petition for the election. Northglenn thereupon filed a motion to alter or amend the trial court order of August 11, 1970, and to vacate the annexation election order. After hearing, the trial court denied both motions. This appeal is from the denial of those motions.

Northglenn raised issues in reference to the effect of lack of contiguity of the disputed areas on Westminster's right to annex and Northglenn's right to priority over Westminster by virtue of the earlier filing of the petition to annex to Northglenn. Northglenn relied upon Section 17.

Westminster challenged Northglenn's standing to seek modification of the court's order entered August 11, 1970, for the reason that Section 15 grants no right to a hearing to anyone prior to the effective date of the annexing ordinance. The trial court refused to adopt this construction, noting that,

"Section 15(4) provides that any annexation *accomplished* shall not be directly or collaterally questioned in any suit, action, or proceeding, except as expressly authorized in this section.

"However, here we are not dealing with an annexation 'accomplished.' Because of this uncertainty as to what relief, if any, the act gives an aggrieved municipality prior to the effective date of the annexing ordinance, the court will not sustain Westminster's contention that Northglenn has no standing to attack the order entered by Judge Jacobucci on August 11."

After refusing to adopt Westminster's proposal, the court proceeded to dispose of the motions on their merits in favor of Westminster. We agree that the judgment in favor of

Westminster was proper. However, we affirm its judgment because we have concluded that Northglenn had no standing. As a result of this determination, we do not find it necessary to reach the other issues.

Westminster argues here, as it did before the trial court, that Northglenn had no standing to seek modification of the court's order of August 11, 1970. This argument is based upon Section 15. This section, in pertinent part, provides:

"(1)(a) If any landowner or any qualified elector in the territory proposed to be annexed, or the county commissioners of any county from which territory is being removed by such annexation, believes himself or itself to be aggrieved by the acts of the city council of the annexing municipality, in annexing said territory to said municipality, then such acts or findings of the city council may be reviewed by certiorari in accordance with the Colorado Rules of Civil Procedure. . . . In no event shall such a proceeding be instituted prior to the effective date of annexing ordinance by the annexing municipality."

. . . .

"(3) Review proceedings instituted under this section shall not be extended further than to determine whether the city council has exceeded its jurisdiction or abused its discretion under the provisions of this article."

The statute expressly limits the right of review to landowners, resident electors, and the county commissioners. Annexation is strictly statutory. Since municipalities are not given the right of review, Northglenn did not have standing. We also note that any appellate review is limited to certiorari.

The judgment is affirmed.