498 P.2d 158

Keith TAYLOR and Gladys A. Taylor, husband and wife, Appellants,

v.

CITY OF CHANDLER, a municipal corporation, Appellee.

No. 1 CA–CIV 1642.

Court of Appeals of Arizona,
Division 1,
Department A.

June 15, 1972.

Rehearing Denied July 12, 1972.

Review Denied Sept. 19, 1972.

Evans, Kitchel & Jenckes, by Gary H. Fry, Phoenix, for appellants.

Walter J. Reynolds, Jr., City Atty., for the City of Chandler, and J. LaMar Shelley, Sp. Counsel for the City of Chandler, Mesa, for appellee.

CASE, Judge.

This is an appeal from a summary judgment in favor of appellee, the City of Chandler, and against appellants, Keith Taylor and Gladys Taylor, his wife. The parties will be referred to herein as they appeared in the trial court.

On 12 March 1970 the City Council of Chandler adopted an ordinance which annexed to the City a long, narrow strip of land lying to the west of the City. This strip is approximately four and one-half miles long with an average width of 510 feet, excepting where it swells to include Hightown and a large tract of undeveloped land. Plaintiffs, Keith and Gladys Taylor, are the owners of property in the annexed area. They instituted suit in the Superior Court of Maricopa County attacking the validity of the ordinance upon two grounds: first, that the ordinance did not meet the requirements of A.R.S. § 9–471, subsec. A(1) in that the area annexed was not "contiguous" to the City, and second, that the annexation constituted an arbitrary fixing of the City's boundaries and was therefore in violation of the plaintiffs' right of due process. Defendant filed its answer and thereafter both parties filed motions for summary judgment. It is from the summary judgment in favor of defendant that this appeal is taken.

The questions presented by plaintiffs for our determination are:

1. WAS THE AREA ANNEXED CONTIGUOUS TO THE THEN LIMITS OF THE CITY OF CHANDLER AS REQUIRED BY A.R.S. § 9–471, subsec. A(1)?

## 2. DID THE ANNEXATION SATISFY THE CONSTITUTIONAL REQUIREMENT OF DUE PROCESS?

We answer both these questions in the affirmative.

A.R.S. § 9–471, subsec. A(1) reads:

*"Annexation by petition*

A. A city or town may extend and increase its corporate limits in the following manner:

1. On presentation of a petition in writing signed by the owners of not less than one half in value of the real and personal property as would be subject to taxation by the city or town in the event of annexation, in any territory contiguous to the city or town, as shown by the last assessment of the property, and not embraced within the city or town limits, the governing body of the city or town may, by ordinance, annex the territory to such city or town."

Defendant urges that if any portion of the land to be annexed touches the boundaries of Chandler, the requirement of "contiguity" is met. Plaintiffs concede that the property physically touches the boundaries of defendant but that this is not sufficient since the mere "touching" indicates that the annexation is "strip" or "corridor" in nature, which type of annexation has been condemned by many jurisdictions.

■ Division Two of this Court, speaking through Judge Hathaway, in the case of the City of Safford v. Town of Thatcher, 17 Ariz.App. 25, 495 P.2d 150 (filed 30 March 1972, petition for review denied 23 May 1972), addressed itself to this very question, stating:

"Furthermore, the basis for questioning the validity of an annexation is clearly limited by the statute. See, A.R.S. § 9–471(C) (Supp.1971–72). Since this section preserves the right to the appellant to question whether the territory in question is 'contiguous,' we address ourselves to that point. Black's Law Dictionary 391 (rev. 4th ed. 1968) defines 'contiguous' in the following language:

'In close proximity; near, though not in contact; neighboring; adjoining; near in succession; in actual close contact; touching; bounded or traversed by. The term is not synonymous with "vicinal." '

"We find no Arizona case defining contiguous as it is used in A.R.S. § 9–471 (Supp.1971–72). However, in State [ex rel. DeConcini] v. City of Phoenix, supra, the court stated:

'The area which the city sought to annex is an irregularly shaped tract of contiguous land which completely surrounds the Phoenix Country Club.' 74 Ariz. [46] at 47, 243 P.2d [766] at 767.

"Thus, in Arizona, where the courts are not concerned with the motive, wisdom or reasonableness of the annexation, it is sufficient if the land sought to be annexed touches the land to which it is to be annexed. The legislative purpose—to extend the corporate limits—is clearly served by any increase thereof.

"Appellant cites a number of cases from other jurisdictions, but the Arizona Supreme Court has clearly charted the course and we must follow. The size and shape of a parcel to be annexed is immaterial and is conclusively a legislative problem and the courts will not read into the annexation statutes limitations relating to unusual or irregular shapes or patterns of territories annexed. Town of Scottsdale v. State, 98 Ariz. 382, 405 P.2d 871 (1965)."

We adopt the reasoning of this decision as dispositive of plaintiffs' first question.

■ We next address ourselves to plaintiffs' contention that the annexation was unconstitutional since it fixed arbitrary and unreasonable boundaries. Municipal acts which fix arbitrary and unreasonable boundaries or which deprive landowners of their property rights are unconstitutional and therefore void. State ex rel. Bibb v. City of Reno, 64 Nev. 127, 178 P.2d 366 (1947). Plaintiffs urge that the ordinance

in question fixes unnatural boundaries; that it deprives them of industrial zoning and subjects them to residential zoning; subjects them to higher property taxes and defendant's building, housing and other codes against their wishes and, lastly, that the ordinance was adopted by such a rapid procedure as to indicate its invalidity.

As stated above, our courts are not concerned with the motive, wisdom or reasonableness of the annexation. As defendant points out, except for the fact that the annexation bisects plaintiffs' land, all the other results which plaintiffs complain of occur in every annexation. Inasmuch as the area annexed does not fix arbitrary or unreasonable boundaries under the law, plaintiffs' second contention is without merit.

Accordingly, the judgment is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.