548 P.2d 922 (1976)
The BOARD OF COUNTY COMMISSIONERS, COUNTY OF ADAMS, State of Colorado, a Body Politic, Plaintiff-Appellant,
v.
CITY AND COUNTY OF DENVER, a Municipal Corporation, et al., Defendants-Appellees.
No. 75-476.
Colorado Court of Appeals, Div. I.
February 26, 1976.
*923 S. Morris Lubow, County Atty., Larry W. Berkowitz, Asst. County Atty., Brighton, for plaintiff-appellant.
Max P. Zall, City Atty., Herman J. Atencio, Asst. City Atty., Dept. of Law City and County of Denver, David J. Hahn, Special Counsel, Denver, for defendants-appellees.
Selected for Official Publication.
COYTE, Judge.
Plaintiff, Board of County Commissioners of Adams County, appeals from a district court determination in favor of defendants, the City and County of Denver and various private owners, upholding the validity of a Denver ordinance annexing certain unincorporated lands of Adams County to Denver. We affirm.
*924 The ordinance in question was designed to accomplish the annexation of a rectangular-shaped parcel, containing approximately 322 acres located in Adams County. The parcel was contiguous along its east, south, and western perimeter to the corporate limits of Denver. The northern boundary of the parcel, as it appears on the annexation map submitted to the Council, consists of the mid-line (running east and west) of 56th Avenue, a county roadway dedicated to and maintained by Adams County.
Denver sought to effect the annexation unilaterally pursuant to § 31-8-106(2), C.R.S.1973, which regulates the procedure for annexation of partly surrounded land:
"Annexation of unincorporated areas which have had more than two-thirds boundary contiguity with the annexing municipality for a period of not less than three years. . . . The city council of any municipality may annex such territory by the following procedure: Adopt a resolution setting forth the intent of the city council to annex the area described in said resolution if, after notice and hearing as provided in sections 31-8-108 and 31-8-109, the city council finds and determines that the proposed annexation complies with the provisions of section 31-8-105. Such findings and determinations shall be in writing and shall be included in the minutes of the city council meeting. The city council may, by ordinance, approve such annexation."
Notice was given pursuant to § 31-8-108, C.R.S.1973, a hearing was held, and evidence taken on August 27, 1973. The Board made no appearance at the hearing and offered no evidence to controvert the findings of the Council. Ordinance No. 671 was passed on October 23, 1973, and under an "emergency" clause contained therein, the annexation was completed on October 26, 1973. Subsequent to the enactment of the ordinance, the Board petitioned the district court for review by writ of certiorari pursuant to § 31-8-116, C.R.S.1973, to determine whether the city council had exceeded its jurisdiction or abused its discretion.
Alleging deficiencies in the annexation map, inadequacies in the hearing and transcript thereof, failure of Denver to comply with its own municipal code, and the ineligibility of the territory involved for unilateral annexation, appellant asserts that Ordinance No. 671 is void and will not support annexation. We find no basis for ruling the ordinance void.
Annexation is a special statutory proceeding, In re Petition of Westminster v. Northglenn, 178 Colo. 334, 498 P.2d 343; and Colo. Const. Art. XX, Sec. 1, requires compliance with such procedures by the City and County of Denver. Annexation review is also a special statutory proceeding and is limited to a determination of whether the city council has "exceeded its jurisdiction or abused its discretion." Section 31-8-116(1)(a)(3), C.R.S.1973; Westminster, supra; Fort Collins-Loveland Water District v. City of Fort Collins, 174 Colo. 79, 482 P.2d 986. Whether the Denver City Council has exceeded its jurisdiction or abused its discretion in adopting Ordinance No. 671 depends on (1) whether the annexed parcel was eligible for annexation; (2) whether the Council adhered to statutorily prescribed procedures; and (3) whether the annexation of this particular parcel contributes to the "natural and well-ordered" development of Denver.
Since by statute the legislature has delegated the power to annex territory to a city, that power remains legislative in character. See 2 E. McQuillan, Municipal Corporations § 7.03 (F. Ellard 3d ed. 1966 rev.); City of Littleton v. Wagenblast, 139 Colo. 346, 338 P.2d 1025. Thus, on review, great latitude must be accorded the legislative discretion and every reasonable presumption in favor of the validity of the action of the city must by indulged. Hughes v. City of Carlsbad, 53 N.M. 150, 203 P.2d *925 995; City of Bethany v. District Court, 200 Okla. 49, 191 P.2d 187.

I.
The Board asserts that the territory involved was not eligible for unilateral annexation under § 31-8-106(2), C.R.S.1973. It bases this assertion on the fact that the Annexation Act of 1965 failed to reenact C.R.S.1953, 139-11-2, which statute provided that territory would be eligible for annexation if it were so situated that the noncontiguous boundaries coincided with center lines of established streets, roads, or highways. The new statute now provides that contiguity will not be affected by the existence of a platted street or alley, or a public or private right-of-way between the annexing municipality and the land to be annexed. Section 31-8-104(1)(a), C.R.S.1973. It further provides that contiguity shall not be affected by a dedicated street or road or other public way. Section 31-8-105(1)(b), C.R.S.1973. Hence, the Board concludes that the deletion of the content of the 1953 statute when considered with the two included statutes on contiguity indicates a legislative intent that a municipality may annex streets, roads, or highways only when it is necessary to do so to include territory otherwise eligible for annexation but separated from the annexing municipality by a public right-of-way.
We are not persuaded by this reasoning. The size and shape of a parcel to be annexed is immaterial and is conclusively a legislative problem. In re Annexation of West Laramie, Wyo., 457 P.2d 498. Courts will not read into the annexation statutes limitations relating to unusual or irregular shapes or patterns of territory annexed. Taylor v. City of Chandler, 17 Ariz.App. 346, 498 P.2d 158. Our Supreme Court's adherence to this principal is demonstrated in County Commissioners v. Denver, 170 Colo. 56, 459 P.2d 292. There, plaintiff objected to the inclusion of tax-exempt land on the boundary of the parcel proposed for annexation. The court stated:
"Plaintiffs' position apparently is that though tax exempt land may be included within the area sought to be annexed, such may not be situated on the perimeter abutting on the annexing municipality and thus used in meeting the contiguity requirements of C.R.S.1963, 139-10-2(1)(c). We do not agree. Certainly the statute contains no such restrictions and we are not inclined to engraft onto the law such limitations by judicial interpretation." (emphasis supplied)
Here, the Board argues that under the statute a public way may be included within the annexed parcel so long as it is located between the territory to be annexed and the annexing municipality, but a public way or a portion of a public way cannot be utilized as a non-contiguous boundary of the annexed territory. Since the statute contains no such restriction and the annexation of the southern one-half of 56th Avenue to form the northern border of the parcel complements the east and west borders of the territory which are delineated by the mid-line of Havana Street running north and south and the mid-line of Peoria Street running north and south, we will not impose such a limitation by judicial interpretation. See County Commissioners v. Denver, supra.
The Board refers us to the recent Supreme Court case of Board of County Commissioners v. Denver, Colo., 543 P.2d 521 (1975) in which a Denver ordinance seeking to annex a "flagpole" shaped parcel was declared null and void. That case does not support the Board's position. The holding in that case invalidated the annexation under 1965 Perm.Supp., C.R.S.1963, 139-21-5(3), which provides for annexation of unincorporated city-owned land when the municipality is the sole owner of the territory, but that invalidation was premised on the fact that Denver was not the sole owner of the parcel since the "pole" *926 was a street dedicated to and maintained by Jefferson County. The court stated:
"In our view it is significant that subsection 139-21-5(3) does not exclude streets from the determination of whether the territory to be annexed is solely owned by the annexing municipality. We agree with the trial court's view that if the legislature had intended that streets be excluded from the definition of sole ownership that it would have provided an exception to that effect." (emphasis supplied)
Similarly, we hold that had the legislature intended to exclude the use of a public right-of-way or a portion of a public right-of-way as the non-contiguous boundary of a parcel to be annexed, it would have provided an exception to that effect.

II.
The Board contends that the Council failed to adhere to statutorily prescribed procedures in the process of annexation of the subject parcel. It urges specifically that the annexation map which formed the basis for the action of the Council failed to comply with state statutes or Denver City Ordinances and therefore was void and will not support an annexation ordinance based thereon.
Both the statutory and local requirements enumerated at length by the Board in its brief and which the surveyor neglected to meet are highly technical in nature regulating the type of paper to be used, the method of delineation, and the method of certification, etc. The Board does not contend that there was any substantive error in the annexation map, i. e., that it inaccurately represents the subject territory. Hence, we invoke the rule of Adams v. Colorado Springs, 178 Colo. 241, 496 P.2d 1005, in which the court held:
"`The annexation of additional territory and the extension of the city limits of a municipality must be in compliance with whatever requirements are imposed by the city charter or the statutory authority under which the municipality operates. However, an immaterial variation from such requirements is not fatal and does not render void an ordinance of annexation.'" (emphasis supplied)
Here, the annexation map was prepared by a registered land surveyor, and since its accuracy is not questioned, we hold the technical variations from statutory and local requirements did not render void the map or the ordinance of annexation based thereon.
Similarly, the Board contends that the public hearing was null and void because the City Council had predetermined all factual issues prior to the taking of evidence. We disagree.
Annexation was commenced under § 31-8-106(2), C.R.S.1973, providing for annexation of unincorporated areas which have had more than two-thirds boundary contiguity with the annexing municipality for a period of not less than three years. Consequently, certain preliminary findings are mandated by the statute itself, i. e., that the subject property appears to have had the requisite contiguity for the requisite period prior to the commencement of annexation procedures. Denver City Council Resolution 55 embodied those preliminary findings, described the parcel and stated the intention of the Council to annex the subject territory pursuant to statute. Publication of the Council's resolution of intent to annex is required under § 31-8-108(2), C.R.S.1973. Here, the notice included Resolution 55, described the parcel, outlined the statutory procedure for annexation and gave the date, time and place set by the Council "to hold a hearing for the purpose of determining and finding whether the area proposed to be annexed meets the applicable requirements . . . and is considered eligible for annexation." (emphasis supplied) Said notice was published once a week for four weeks in a newspaper of general circulation within the territory to be annexed. Since all of the persons affected by the annexation had notice *927 and the resolution of intent describing the area to be annexed was published, there was substantial compliance with the pertinent provisions of the statute and any variance therefrom in the notice of annexation was immaterial. Adams v. Colorado Springs, supra.
The Board argues that the evidence adduced at the hearing did not justify the passage of the annexation ordinance. We do not agree. At the public hearing, evidence was adduced that the required contiguity was present, that the proposed annexation would divide no property held in sole private ownership, that no piece of property assessed for ad valorem taxes in excess of $200,000 was included within the parcel, and that there was no petition for annexation of this particular parcel filed within any other municipality in the area. The Board made no appearance and produced no evidence to demonstrate any deficiencies in the boundaries to defeat the contiguity requirement. Ordinance No. 671 embodied the findings of the Council substantially in the language of the statute. Thus, we conclude that where the Board, after having received proper notice, failed to go forward to demonstrate any deficiency in boundaries to defeat the contiguity requirement, and where, in fact, no evidence controverting any of the Council's findings was presented, and the Council's findings of ultimate fact are substantially in the language of the statute, then those findings are sufficient to sustain the annexation ordinance based thereon. Adams v. Colorado Springs, supra; Pomponio v. Westminster, 178 Colo. 80, 496 P.2d 999. See Board of County Commissioners v. City & County of Denver, 170 Colo. 56, 459 P.2d 292.
Finally, the Board attacks the validity of the transcript of the public hearing before the Council. The stenographic notes of the hearing were made by a reporter who attended the hearing and died shortly thereafter. The notes were transcribed and certified by a different reporter. The Board argues that since the certification was not made by the attending reporter there is a failure of compliance with C.R.C.P. 80 and § 31-8-109(2), C.R.S.1973. We disagree. While the preparation of the transcript was "unusual," under the circumstances it was not "irregular." The Board had adequate opportunity to correct any error in substance in the record of the hearing and since there is no charge that the record was either false or incorrect, the Board was not prejudiced by the manner of transcription from the original reporter's notes. See Civil Service Commission v. Doyle, 174 Colo. 149, 483 P.2d 380.

III.
The last requirement for a valid annexation is that the proposed parcel contributes to "the natural and well-ordered development" of the annexing municipality. Whether the annexation of a particular parcel contributes to the "natural and well-ordered development" of the annexing municipality is conclusively presumed where the areas have shared a two-thirds contiguous boundary for a period exceeding three years. See Breternitz v. Arvada, 174 Colo. 56, 482 P.2d 955. In such a case the legislature has provided that specific findings as to a "community of interest" may be waived and unilateral annexation by ordinance of the annexing municipality is appropriate. Section 31-8-106(2), C.R.S.1973.
It is apparent from the annexation map as well as from the testimony at the public hearing before the Council that the parcel is surrounded on three sides by Denver and that the two-thirds boundary contiguity requirement has been met. Furthermore, the effect of this annexation is to eliminate partly surrounded territory and "straighten out" the city's northern border. Since the parcel was eligible for annexation, the required "community of interest" was demonstrated by the two-thirds boundary contiguity, and since there was substantial compliance with statutorily prescribed procedures for annexation, we concur *928 in the findings and conclusions of the district court upholding the annexation ordinance.
Judgment affirmed.
VAN CISE and KELLY, JJ., concur.