Mr. Capp Shanks Division of Local Government 1313 Sherman Street Denver, Colorado
Dear Mr. Shanks:
I am writing in response to your request for an opinion on the legality of a proposed ordinance concerning the extension of utilities and strip annexations for the Town of Berthoud. Specifically, I am addressing the two questions posed by your inquiry.
QUESTIONS PRESENTED AND CONCLUSIONS
1. May the ordinance impose a more restrictive requirement of contiguity than that imposed by the Municipal Annexation Act of 1965?
 It is my opinion that while a municipal ordinance may impose additional terms and conditions upon one seeking annexation, it may not alter the threshold eligibility requirement for annexation previously established by the legislature in the Municipal Annexation Act of 1965.
2. May the ordinance embrace both the subject of strip annexation, and the subject of utility extension to an annexed area?
 The answer to this question may ultimately depend upon whether a reasonable legitimate connection exists between these two subjects.
ANALYSIS
The Municipal Annexation Act of 1965, C.R.S. 1973, 31-12-101,et seq. provides in 31-12-104(1)(a) that an area is eligible for annexation if the governing body determines at a hearing;
 (a) That not less than one-sixth of the perimeter of the area proposed to be annexed is contiguous with the annexing municipality. Contiguity shall not be affected by the existence of a platted street or alley, a public or private right-of-way, a public or private transportation right-of-way or area, or a lake, reservoir, stream, or other natural or artificial waterway between the annexing municipality and the land proposed to be annexed.
Further, paragraph (b) of this subsection provides that
 (T)he fact that the area proposed to be annexed has the contiguity with the annexing municipality required by paragraph (a) of subsection (1) shall be a basis for a finding of compliance with these requirements . . . .
The only exceptions to a finding of compliance are set forth in C.R.S. 1973, 31-12-104(b)(I), (II) and (III), and these exceptions are not raised by your inquiry.
The proposed ordinance of the Town of Berthoud attempts to prohibit the annexation, the calling of an annexation election or approval of annexation of any real property, unless said property,
 1) Is eligible for annexation as provided under Colorado law; and
 2) Meets the requirement of contiguity set forth in 31-12-104(1)(a) in good faith.
The ordinance further states that:
 "Good faith" will be conclusively deemed not to be met if said contiguity must be obtained by the annexation of a road, highway, street or alleyway; public or private right of way; public or private transportation right of way or area; stream, ditch, or other similar artificial or natural waterway; or other similar narrow linear strip of real property which is not itself contiguous to the Town of Berthoud along the entire length of its longest perimeter side. A parcel of real property shall be deemed a narrow linear strip of real property if any perimeter side is more than three times as long as the perimeter side thereof which is actually contiguous to the Town of Berthoud.
The proposed ordinance attempts to restrict annexation to that real property which shares a greater contiguous area with the town than the area required by statute. That restriction is intended to prohibit strip annexation. However, in Board ofCounty Commissioners, Adams v. City and County ofDenver, 37 Colo. App. 395, 548 P.2d 922 (1976), the court stated:
 The size and shape of a parcel to be annexed is immaterial . . . . Courts will not read into the annexation statutes limitations relating to unusual or irregular shapes or patterns of territory annexed.
In support of that reasoning the court cited a Colorado Supreme Court decision wherein that court refused to limit the statutory requirement of contiguity by excluding contiguous tax-exempt lands. County Commissioners v. Denver,170 Colo. 56, 459 P.2d 292 (1969). The court of appeals held that if the legislature had intended such exclusion it would have provided an exception to that effect. Where the subject matter of a municipal ordinance is of statewide concern, and the ordinance forbids what the general assembly has expressly authorized, the ordinance must fail. Bennion v. City and County ofDenver, 180 Colo. 213, 504 P.2d 350 (1972).
It is my opinion that the conditions of eligibility in regard to contiguity are set forth in C.R.S. 1973, 31-21-104, and compliance with subsection (1) paragraph (a) of that section renders the real property in question eligible for annexation. To the extent that the municipal ordinance prohibits otherwise eligible property from annexation, it is an impermissible restriction upon the right of annexation.
While a municipal ordinance may not alter the threshold for eligibility established by state statute, the ordinance may impose terms and conditions upon annexation.
In Colo. Springs v. Kitty Hawk, 154 Colo. 535, 392 P.2d 467
(1964), a case predating the Municipal Annexation Act, the Colorado Supreme Court held that nothing in the general law or Constitution of Colorado prohibited a municipality from imposing conditions upon one seeking annexation. Indeed, C.R.S. 1973,31-12-107(4), a part of the Municipal Annexation Act, specifically provides that the governing body may impose "additional terms and conditions" to be approved pursuant to election as set forth in C.R.S. 1973, 31-12-112.
However, the Colorado cases following Kitty Hawk,supra, generally involve the imposition of fees as a condition of annexation. (See, e.g.,Adams v. Colorado Springs, 178 Colo. 241,496 P.2d 1005 (1972); Aurora v. Andrew Land,176 Colo. 246, 490 P.2d 67 (1971)). Such fee payments have been held to be personal contractual obligations between the landowner and the municipality, and not "terms and conditions" affecting the area to be annexed under C.R.S. 1973, 31-12-107. Board ofCounty Commissioners v. City and County of Denver,193 Colo. 211, 565 P.2d 212 (1977).
The restrictions imposed by the proposed Berthoud ordinance would not appear to establish terms and conditions to be considered in an annexation election, but additional requirements of eligibility which, if not met, prevent any further consideration of an annexation petition.
A municipal ordinance may, in the face of another ordinance which states that two subjects may not be embodied in one ordinance, embrace two subjects which are germane and interrelated.Tanner v. Boulder, 158 Colo. 173, 405 P.2d 939 (1965). In that case, the city ordinance attempted to both annex and zone land within the same ordinance. The court held that to fall within the prohibition, an ordinance must embrace two dissimilar subjects that do not have a reasonable legitimate connection. The court in Tanner cited with approval the decision inBeshore v. Town of Bel Air, 237 Md. 398, 206 A.2d 678
(1965), which held:
 If several sections of the law refer to and are germane to the same subject matter, which is described in its title, it is considered as embracing a single subject . . .
SUMMARY
Your request does not furnish me with any information to indicate that the Town of Berthoud has a municipal ordinance similar to the prohibitive Boulder ordinance. I would therefore refer you to the above-cited case law in determining whether the proposed ordinance incorporates permissibly interrelated subjects.
I hope this opinion sufficiently addresses your inquiry.
Very truly yours,
 J.D. MacFARLANE Attorney General
CORPORATIONS ANNEXATION
C.R.S. 1973, 31-12-101, et seq. C.R.S. 1973, 31-12-104
LOCAL AFFAIRS, DEPT. OF Local Government, Div. of
A municipal ordinance may impose additional terms and conditions upon one seeking annexation, but it may not alter the threshold eligibility requirement for annexation established in C.R.S. 1973, 31-12-101, et seq.