## TOWN OF MARBLETON, Appellant (Plaintiff),

v.

## TOWN OF BIG PINEY, Appellee (Defendant).

No. 86-1.

Supreme Court of Wyoming.

June 3, 1986.

Edward F. Hess (argued), and Warren W. Dill, Jackson, for appellant (plaintiff).

Ralph E. Wood, Pinedale, for appellee (defendant).

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

CARDINE, Justice.

The single issue in this case is whether a town has implied standing to contest an annexation even though it does not qualify for standing under the express terms of the applicable standing statute.

Until it undertook the annexation at issue in this case, the town of Big Piney, Wyoming, was located about one-half of a mile south of the town of Marbleton. State Highway 189 runs north and south through both towns. In order to better control traffic on the highway, the Big Piney town council decided to annex the highway right-of-way from the town's northern border up to the southern border of Marbleton. The council did not intend to annex any land on either side of the right-of-way.

The council held several meetings at which the annexation was discussed. There were no objections raised by any Big Piney residents or by the owners of the area to be annexed. But the town of Marbleton and a man who owned property adjacent to the right-of-way both objected. The landowner was concerned because Big Piney did not intend to provide any services for the right-of-way other than traffic control. The town of Marbleton opposed the annexation because it was in the process of annexing the Shortstop Addition which fronted the right-of-way. Marbleton hoped to annex the right-of-way and the addition together but would be foreclosed from do-

ing so if Big Piney annexed the right-of-way first.

Despite the objections, Big Piney annexed the right-of-way. Marbleton then filed a complaint for declaratory relief in the district court alleging that the annexation was void because the Big Piney town council had not properly followed the statutory annexation procedures of § 15–1–404, W.S.1977. In its answer, Big Piney contended that Marbleton lacked standing to challenge the annexation because it was neither an owner of the property to be annexed nor a landowner in the annexing town. Big Piney quoted § 15–1–409(a), W.S.1977, which states:

"If any landowner in the territory proposed to be annexed or any owner of real property in the annexing city is aggrieved by the acts of the governing body, he may appeal to the district court for a review of the acts or findings thereof."

The parties submitted the case to the district court upon a joint motion for summary judgment based upon stipulated facts. The court held that Marbleton lacked standing to bring the action and granted summary judgment in favor of Big Piney. The court explained that "[t]he matter is controlled by statute. The statute sets out who may bring an action and impliedly says who cannot."

We agree with the district court and affirm its judgment. Generally, "municipalities can exercise only those powers which are expressly or impliedly conferred." *Coulter v. City of Rawlins*, Wyo., 662 P.2d 888, 895 (1983).

" '[I]mplied powers include, and are generally held to be limited to, the following:
" '1. Powers necessarily arising from those expressly granted, and also those reasonably inferred from the powers expressly granted.
" '2. *Powers essential* to give effect to powers expressly granted.' " *Coulter v. City of Rawlins*, supra, 662 P.2d at 895 quoting 2 McQuillin, Municipal Corporations, § 10.12, at 768 (3d ed. 1979).

The town of Marbleton concedes that the only statute which expressly authorizes the appeal of an annexation is § 15–1–409(a), W.S.1977. Marbleton further admits that it does not qualify for standing under the express terms of this statute because it does not own property in the area to be annexed or in the annexing town, Big Piney. Marbleton contends, however, that it needs implied standing to give effect to the exercise of several of its other express extraterritorial powers. The town refers us to its power to condemn property outside its boundaries under § 15–1–103(a)(xxxv), W.S.1977, Cum.Supp.1985, which states:

"(a) The governing bodies of all cities and towns may:

"(xxxv) Exercise the power of eminent domain and take property for public use within and without the city limits for any necessary or authorized public purpose."

The town also relies on its right to approve any incorporation within one mile of its borders, as provided in § 15–1–411, W.S. 1977:

"All territory within one (1) mile of an incorporated city or town, as it now exists or may hereafter be established, is potentially an urban area. No territory within a potential urban area may be incorporated as a city or town unless the governing body of the city or town causing the potential urbanized area to exist, by resolution, approves the proposed incorporation,"

and to approve plats filed on land within a mile of the town borders, as stated in § 34–12–103, W.S.1977, which provides in part:

"[A]ny such plat of land adjacent to any incorporated city or town, or within one (1) mile of the boundaries of any such city or town, shall be jointly approved by both the board of county commissioners of said county and the governing body of said city or town before same shall be filed and recorded in the office of the county clerk as aforesaid."

Marbleton has also discussed the power of a mayor to exercise his jurisdiction with-

in one-half mile of corporate limits under § 15–3–202, W.S.1977, but that power has no application in this case because it only applies to mayors of first class cities.

Marbleton's argument for implied standing never hits home because Marbleton never specifies how the express powers it mentions are affected by another town's annexation of nearby property. If an annexation does not affect these other express powers, then standing to contest the annexation is neither implied nor reasonably inferred from those powers.

Several courts that have faced the precise issue presented in this case have held that a town's standing to contest an annexation must be expressly created by statute. In *City of Westminster v. City of Northglenn*, 178 Colo. 334, 498 P.2d 343, 344 (1972) (en banc), for example, the Colorado Supreme Court had to decide whether a city had standing to contest an annexation even though it did not qualify for standing under the express terms of the statute. The court held that standing must be express because annexation is strictly a statutory proceeding. The Supreme Court of Kansas applied the same principle and reached the same result in *City of Lenexa v. City of Olathe*, 228 Kan. 773, 620 P.2d 1153, 1156–1158 (1980).

We do not necessarily agree with these courts that municipal standing to contest annexations can only be express. We need not resolve that question, however, because, even if implied standing is possible, it has not been shown in this case that such standing is necessary to give effect to one of Marbleton's express municipal powers. Because Marbleton has shown neither express nor implied standing to contest this annexation, the district court's decision was correct.

Affirmed.