Donald TOMSHA, Petitioner,

v.

CITY OF COLORADO SPRINGS, and
The Industrial Claim Appeals Office of
the State of Colorado, Respondents.

No. 92CA0603.

Colorado Court of Appeals,
Div. I.

Nov. 19, 1992.

Rehearing Denied Dec. 31, 1992.

Certiorari Denied July 26, 1993.

Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, Schur, Olive & Gavaldon, Robert Schur, Fort Collins, for petitioner.

Vaughan & Reeves, P.C., Carol A. Finley, Susan Kurachi Reeves, Colorado Springs, for respondent City of Colorado Springs.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., James C. Klein, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Opinion by Judge NEY.

In this workers' compensation case, Donald Tomsha (claimant) challenges the constitutionality of the work-related stress statute, Colo.Sess.Laws 1990, ch. 62, § 8–41–301(2) at 479, as well as the final order of the Industrial Claim Appeals Panel denying and dismissing his claim for benefits based on work-related stress. We find the statute constitutional and find no other error. Therefore, we affirm the order.

Claimant, a patrol officer for the City of Colorado Springs (employer), alleged that he developed temporomandibular joint condition (TMJ) as a result of job stress stemming from ousting homeless persons from cardboard shelters and meeting quotas for issuing traffic tickets. In support of the claim, claimant presented the opinion of his treating dentist.

The Administrative Law Judge (ALJ) determined that claimant failed to meet his burden of proving the statutory requirements for a stress claim. First, the ALJ found that the claim was not supported by the testimony of a "licensed physician or psychologist" as required by Colo.Sess. Laws 1990, ch. 62, § 8–41–301(2)(a). The ALJ also concluded that claimant had failed to show that his stress was not based in whole or in part upon facts and circumstances that are common to all fields of employment. *See* Colo.Sess.Laws 1990, ch. 62, § 8–41–301(2)(c).

The Panel affirmed the ALJ's order based on claimant's failure to meet the statutory requirements of § 8–41–301(2)(a). As a result, the Panel declined to address the error claimant alleged with respect to § 8–41–301(2)(c). Additionally, the Panel noted it lacked jurisdiction to consider the constitutionality of the stress statute.

## I.

■ Claimant contends that the Panel erred in interpreting the term "physician" as used in the statute as not including a dentist. Claimant argues that a dentist's opinion is sufficient to meet the requirements of § 8–41–301(2)(a) since a dentist is the appropriate treating practitioner for TMJ. While we concede that a dentist can *treat* TMJ, we disagree that a dentist's opinion constitutes a physician's opinion for the purposes of the statute.

Section 8–41–301(2)(a) provides that a claim for emotional or mental stress must be proven by evidence supported by the testimony of a licensed physician or psychologist. Our supreme court has determined that the term "physician" relates solely to doctors of medicine and to doctors of osteopathy. *Colorado Chiropractic*

*Ass'n v. State*, 171 Colo. 395, 467 P.2d 795 (1970).

Claimant's argument that the term "physician" is ambiguous on the ground that other provisions of the Workers' Compensation Act, such as § 8–42–101(3.5)(a)(I), C.R.S. (1992 Cum.Supp.), include dentists in the definition of "physicians," is without merit. That statute provides that a dentist is a "physician" for the purpose of level I accreditation *only*. Section 8–41–301(2)(a) clearly refers to a physician or psychologist, and as such, it is not ambiguous. Therefore, it must be construed according to its plain and ordinary meaning. *People v. District Court*, 713 P.2d 918 (Colo.1986).

The plain and ordinary meaning of the term "physician" does not include a dentist. *See Colorado Chiropractic Ass'n v. State*, *supra*. Hence, the Panel did not err in affirming the ALJ's determination that § 8–41–301(2)(a) was not satisfied.

Our conclusion obviates the need to address the conjunctive requirement of § 8–41–301(2)(c), as well as claimant's contention that the ALJ erroneously denied the claim on the basis that claimant failed to prove his injury occurred on a specific time and date.

## II.

■ Claimant next contends that § 8–41–301(2) violates equal protection guarantees because it subjects stress claimants to a higher burden of proof than other claimants and discriminates against stress claimants without a rational basis. We disagree.

As a preliminary matter, we reject claimant's related contention that the statutory classification of stress claimants is subject to strict scrutiny. Claimant argues that disabled persons are a suspect class under the Americans with Disabilities Act, 42 U.S.C.A. § 12101, et seq. (1992). However, that statute is inapplicable here because claimant was injured before its effective date.

Because stress disability is not a suspect classification nor does the stress statute restrict a fundamental right, we must up-

hold the statute unless it creates an arbitrary classification which is not rationally related to a legitimate state purpose. *Rosa v. Warner Electrical Contracting*, 849 P.2d 845 (Colo.App.1992).

We begin our inquiry with the presumption that the challenged provision is valid. *See Rosa v. Warner Electrical Contracting, supra.*

The legislative purpose in enacting § 8–41–301(2) was to establish the proof requirements for compensability of a stress-related claim in an attempt to prevent frivolous and unnecessary claims. *See* Tape Recordings of the House Floor Debate Discussion on S.B. 22, 55th General Assembly, 2d Regular Session (April 10, 1986 at 9:23 a.m.). We conclude that requiring verification of the mental component of a stress claim by a physician or psychologist is rationally related to this purpose. A physician or psychologist is qualified to identify a mental condition such as stress, while a dentist is qualified to treat its physical manifestations.

Claimant argues that he is deprived of *treatment* by a dentist under the stress statute. However, the statute concerns causation, not the treatment of the physical symptoms of stress. Accordingly, this argument is without merit, and we uphold the stress statute on equal protection grounds.

### III.

■ We also reject claimant's final contention that the stress statute is unconstitutional because it deprives him of his federal civil rights under 42 U.S.C. § 1981 (1988) without due process. There is no constitutionally protected civil right in workers' compensation benefits. As such, there can be no violation of due process. *See Rosa v. Warner Electrical Contracting, supra.*

The order of the Panel is affirmed.

STERNBERG, C.J., and BRIGGS, J., concur.