Tonja S. **OBERLE,** Petitioner,

v.

The **INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Limon Inn 4 Less, Respondents.**

No. 95CA0934.

Colorado Court of Appeals,
Div. I.

May 2, 1996.

Steven U. Mullens, P.C., Richard L. Susman, Steven U. Mullens, Colorado Springs; Wilcox & Ogden, P.C., Ralph Ogden, Denver, for Petitioner.

Peter E. Morgan, Denver, for Respondent Limon Inn 4 Less.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Mary Karen Maldonado, Assistant Attorney General, Denver, for Respondent Industrial Claim Appeals Office.

Opinion by Chief Judge STERNBERG.

Tonja Oberle (claimant) seeks review of the final order of the Industrial Claim Appeals Panel that dismissed her claim for workers' compensation benefits. We set aside the order and remand for further proceedings.

This case turns on the meaning of the term "physical injury" as used in § 8–41–301(2)(a), C.R.S. (1995 Cum.Supp.), which requires that claims of mental impairment involving no physical injury be "proven by evidence supported by the testimony of a licensed physician or psychologist." In overruling a finding of compensability by an Administrative Law Judge (ALJ), the Panel determined that the claim did not involve a physical injury. Thus, since claimant had been provided clinical psychotherapy treatment by a licensed professional counselor, not a licensed physician or a psychologist, the Panel ruled that the statute barred the claim. We disagree with the conclusion that this claim did not involve a physical injury and, therefore, reject the Panel's conclusion that the claim was barred.

Claimant was sexually assaulted while employed as a maid at the Limon Inn 4 Less Motel (employer). The perpetrator, a friend of claimant's supervisor, walked into the motel room where she was working, physically assaulted her by grabbing her buttocks and pinching her. He also touched her breasts, arms, and face, kissed her against her will, and spoke to her in crude sexual terms. Although claimant did not sustain any visible physical injury from the incident, she testi-

fied that she experienced physical pain, as well as various emotional injuries. The man was later convicted of third degree sexual assault.

Claimant was referred by the District Attorney's Office to a licensed professional counselor for treatment. The counselor provided psychotherapy services in a clinical setting but is neither a licensed physician nor a psychologist. At the hearing held to determine whether claimant was entitled to workers' compensation benefits, the counselor testified that claimant suffered from post-traumatic stress disorder, major depression with suicidal ideation, and agoraphobic tendencies.

The ALJ found that the sexual assault perpetrated on claimant constituted a compensable injury and awarded claimant temporary total disability benefits. In response to employer's petition to review, the ALJ issued a supplemental order finding that the rage, humiliation, and victimization that claimant suffered as a result of the sexual assault was real and the continuing disability that resulted from the sexual assault vocationally disabled claimant.

The Panel reversed the ALJ's supplemental order and denied the claim for benefits. Disagreeing with the ALJ's findings, the Panel found that the claim was for mental impairment based on a psychologically traumatic event that did not involve a physical injury. The Panel adopted a definition of "physical injury" as one involving an "independently disabling injury." It ruled, therefore, that the claim fell under the mental impairment statute and dismissed the claim because it was not supported by the testimony of a licensed physician or psychologist as required by that statute.

## I.

■ Claimant argues that the Panel erred in concluding that the term "physical injury" in the mental impairment statute contemplates an independently disabling injury. We agree.

Section 8–41–301(2)(a) provides:

A claim of *mental impairment* must be proven by evidence supported by the testi-mony of a licensed physician or psychologist. For purposes of this subsection (2), mental impairment means a disability arising from an accidental injury arising out of and in the course of employment *when the accidental injury involves no physical injury* and consists of a psychological traumatic event that is generally outside of a worker's usual experience and would evoke significant symptoms of distress in a worker in a similar circumstance. (emphasis supplied)

We do agree with the Panel that, in an effort to eliminate frivolous "stress" claims, the General Assembly differentiated between cases in which physical injury causes mental impairment ("mental-physical") and those where mental impairment follows solely an emotional stimulus ("mental-mental"). Cases in which the claimed disability is based on emotional or psychological causes and in which physical injury is absent are less subject to direct proof and more susceptible to being frivolous in nature. *See Tomsha v. City of Colorado Springs*, 856 P.2d 13 (Colo. App.1992). Nevertheless, we disagree with the Panel that, in order to avoid frivolous claims, the term "physical injury" as used in the statute must be interpreted as being so significant and severe as to result in an independently disabling injury to the claimant's person.

■ In construing a statute, we seek to determine the intent of the legislature as expressed in the language it selected. *Triad Painting Co. v. Blair*, 812 P.2d 638 (Colo. 1991). Hence, "a court should look first to the plain language of the statute," and the words used "should be given effect according to their plain and ordinary meaning." *Farmers Group, Inc. v. Williams*, 805 P.2d 419, 422 (Colo.1991).

The term "physical injury" as used in the mental impairment statute has a plain and ordinary meaning. The words do not carry with them a requirement as to the degree of injury, the seriousness thereof, or, as the Panel ruled, that the injury be "independently disabling." Nothing in the language of the statute chosen by the General Assembly to express its intent requires or permits such an

embellishment on the words "physical injury."

Here, the ALJ noted the employer's contention that the injuries suffered were "what is known as a 'mental-mental' injury and as such [are] subject to the conditions of recovery enumerated in § 8–41–301." Nevertheless, the ALJ disagreed, finding:

Given the physical nature of the assault, the pinching that Claimant suffered that she related caused her pain during the course of the assault ... this injury is not a 'mental-mental' injury ... [T]he 'mental-mental' terminology ... mean[s] those injuries that arise from employment where emotional injury is suffered as a result of purely emotional stimulus such as stress from work load or emotional response to working conditions. Sexual assault is a violent crime perpetrated against a defined victim. The crime itself ... requires that the perpetrator subject the victim to sexual contact ... [T]his type of occurrence on the job does not constitute a 'mental-mental' injury contemplated by § 8–41–301.

 We agree with the analysis of the ALJ. If an injury is the product of purely an emotional stimulus that results in mental impairment, that injury is a "mental-mental" one which requires proof by testimony of a licensed physician or psychologist. *See, e.g., Tomsha v. City of Colorado Springs, supra.* If, on the other hand, as here, there is a physical component that contributes to the injury, the restrictions contained in the mental impairment statute are not implicated.

The ALJ having found, with record support, that there was a physical component contributing to the injury, the Panel erred in dismissing the claim for benefits based on the mental impairment statute.

## II.

In its petition to the Panel for review of the ALJ's ruling, employer argued that the findings on causation of the mental impairment were not supported by substantial evidence because of other stressful events occurring claimant's life that may have triggered the symptoms. Employer also contended that the ALJ abused her discretion in refusing the admission of relevant evidence. Because the Panel dismissed the claim on the grounds that it was defeated by the requirements of the mental impairment statute, it did not address those contentions. Thus, as conceded at oral argument, since the Panel's decision is being set aside, the case must be remanded for determination of these issues that employer has raised.

The order is set aside, and the cause is remanded to the Panel for further proceedings in accordance with this opinion.

METZGER and RULAND, JJ., concur.