The MIDCITIES COMPANY, a Colorado general partnership, Plaintiff–Appellee,

v.

The TOWN OF SUPERIOR, Colorado; the Board of Trustees of the Town of Superior, Colorado; Ted T. Asti, in his official capacity as Mayor, and Della Gibson, Don Hooper, Rick Kupfner, Jerry McElroy, Lidia Holl, and Karen Klassen, all in their official capacity as members of the Board of Trustees, Defendants–Appellants.

No. 94CA2023.

Colorado Court of Appeals, Div. IV.

Aug. 24, 1995.

Rehearing Denied Oct. 12, 1995.

Certiorari Granted May 20, 1996.

Karsh & Fulton, P.C., Seymour Joseph, Denver, for plaintiff-appellee.

Hayes, Phillips, Maloney & Haddock, P.C., Herbert C. Phillips, Kathleen E. Haddock, Denver, for defendants-appellants.

Opinion by Judge MARQUEZ.

Defendants, the Town of Superior (Superior), its Board of Trustees (Board), its mayor, and the Trustees in their official capacities as members of the Board, appeal from a district court judgment ruling that their annexation of the property of plaintiff, the MidCities Company, was void. We affirm.

Plaintiff owns approximately 120 acres of undeveloped land bounded on the west by Superior and on the north, south, and east by the City of Broomfield. On June 1, 1993, pursuant to plaintiff's request, the town attorney sent plaintiff an annexation petition form with a letter which stated: "The annexation agreement is not required until the final annexation hearing, so we have some time." On June 3, 1993, plaintiff submitted

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1994 Cum.Supp.).

two petitions to the Board, requesting annexation of its property.

Thereafter, the Board passed a resolution finding the petitions to be in substantial compliance with the requirements of the Municipal Annexation Act of 1965, § 31–12–101, et seq., C.R.S. (1986 Repl.Vol. 12B) (Act) and initiating the proceedings to consider the annexation. Pursuant to the Board's directions, the town clerk of Superior delivered an annexation impact report concerning plaintiff's property to the clerk of the Boulder County Board of Commissioners. However, plaintiff and defendants did not finalize an annexation agreement.

On August 12, 1993, plaintiff wrote defendants a letter notifying them of its decision to petition for annexation to the City of Broomfield. Enclosed with plaintiff's letter was a withdrawal of petition for annexation. The Board, however, elected to proceed with annexation, and on August 23, 1993, the Board passed an ordinance annexing plaintiff's property.

Subsequently, plaintiff and the City of Broomfield filed separate motions for reconsideration pursuant to § 31–12–116(2)(a)(II), C.R.S. (1994 Cum.Supp.) requesting that the annexation be vacated. In response, the Board adopted new and amended resolutions and ordinances addressing issues raised by plaintiff in its motion for reconsideration. Plaintiff filed a second motion for reconsideration, which was not granted, and then filed its complaint in district court pursuant to § 31–12–116, C.R.S. (1994 Cum.Supp.) and C.R.C.P. 106(a)(4).

Plaintiff's complaint asked (1) that the court declare the annexation void in that the actions of Superior in annexing its property were in excess of its jurisdiction and an abuse of its discretion, (2) that the court issue a declaratory judgment that plaintiff had a right to withdraw its petition for annexation prior to Superior's adopting its annexation ordinance, (3) that the court issue a declaratory judgment clarifying the election procedures under the Act, and (4) that the court specifically enforce plaintiff's agreement with Superior by declaring the annexation ordinances void. The complaint also alleged promissory estoppel and equitable estoppel claims.

The district court determined that defendants had abused their discretion by acting contrary to the agreement between plaintiff and defendants that an annexation agreement was to be in place prior to the annexation and, alternatively, that plaintiff had a right to withdraw its petition for annexation. The court therefore ruled that defendants' annexation of plaintiff's property was void.

I.

Defendants contend that the trial court erred in holding that Superior abused its discretion by annexing plaintiff's property without an annexation agreement. We disagree.

Judicial review of an annexation is a special statutory proceeding and is limited to determining whether the Board exceeded its jurisdiction or abused its discretion. *TCD North, Inc. v. City Council,* 713 P.2d 1320 (Colo.App.1985); *see also Ross v. Denver Department of Health & Hospitals,* 883 P.2d 516 (Colo.App.1994) (review in C.R.C.P. 106(a)(4) proceeding is limited to determination whether administrative agency exceeded its jurisdiction or abused its discretion).

Before the trial court, plaintiff argued that defendants abused their discretion when they annexed the property without finalizing an annexation agreement with plaintiff. Defendants argued that there was no requirement for an annexation agreement in the Act, the town ordinances, or the petition.

In making its findings regarding the annexation agreement, the trial court noted the following.

The Annexation Impact Report delivered by Superior's town clerk to the Board of County Commissioners stated:

> This site is being included in the Rock Creek P.U.D. An Annexation Agreement will accompany the final petition hearing before the Town Board.

Also, a staff report prepared by the town attorney, the town planner, and the town

engineer and submitted to the Board on July 22, 1993, informed the Board that:

> The Town Attorney is preparing an annexation agreement that will deal with matters such as utility service, drainage, roads, zoning, etc. This agreement must be in place prior to the approval of any annexation ordinance and is currently under negotiation....

> Because numerous items associated with this annexation are still under discussion, including the content of the annexation agreement, Board action on the annexation ordinance should be delayed until the outstanding issues are resolved....

> Until the annexation agreement is finalized, staff recommends the Board of Trustees continue the public hearing on the Midcities development submissions.

Further, on July 26, 1993, at the public hearing held by the Board, the town planner reported:

> [A]lso in process right now is an Annexation Agreement being prepared by the Town Attorney that is dealing with utility service, access, drainage, road improvement, zoning and that kind of stuff. This agreement ... is currently under negotiations and will need to be in place and finalized prior to any ordinance approving the annexation....

The town planner concluded his report saying:

> [W]e do have some outstanding issues that have not yet been resolved concerning the annexation and zoning of the Midcities property and we're continuing discussions with the owners on these issues and until that agreement is finalized we're recommending that the Board of Trustees continue this public hearing on the Midcities development submissions.

Based on the record before the Board and relying on *City of Colorado Springs v. Kitty Hawk Development Co.*, 154 Colo. 535, 392 P.2d 467 (1964), which held that annexation can take place only when the town and the owners of the contiguous land agree not only

that the property shall be annexed but also upon the terms upon which such annexation can be accomplished, the trial court found that plaintiff and defendants had agreed that an annexation agreement was to be in place prior to the annexation. Therefore, there being no such agreement, the trial court concluded that defendants' annexation of plaintiff's property was void.

■ Although defendants do not dispute the validity of the *Kitty Hawk* rule, they note that that case preceded enactment of the Act and further point out, as noted above that the Act does not require an annexation agreement. However, neither does the Act prohibit such agreements. *See Geralnes B.V. v. Greenwood Village*, 583 F.Supp. 830 (D.Colo.1984). In fact, its language contemplates annexation agreements as a routine step in the annexation process. *See* § 31–12–108.5(1)(b), C.R.S. (1994 Cum.Supp.) (requirement that the annexation impact report include a copy of any draft or final preannexation agreement, if available).

Moreover, in addition to the record references to the anticipated annexation agreement noted by the trial court, the record also reflects that, even before plaintiff submitted its petition, it was informed by the town attorney that the process would include an annexation agreement.

■ Upon review of the record before the Board, therefore, we conclude that the trial court did not err in determining that defendants abused their discretion by annexing plaintiff's property without the annexation agreement that had been contemplated by the parties throughout the process.

## II.

Defendants also contend that the trial court erred in holding that plaintiff's petition could be withdrawn. Because we affirm the trial court's ruling on the previous issue, we need not address this contention.

The judgment is affirmed.

DAVIDSON and TURSI *, JJ., concur.