**R. Lynne McCALLUM, Petitioner,**

v.

**DANA'S HOUSEKEEPING, State Farm Fire and Casualty Insurance Company, and the Industrial Claim Appeals Office, Respondents.**

**No. 96CA0459.**

Colorado Court of Appeals, Div. IV.

Oct. 24, 1996.

Rehearing Denied Nov. 21, 1996.

Certiorari Denied Aug. 4, 1997.

Taussig & Taussig, John G. Taussig, Jr., Boulder, for Petitioner.

George D. Browning & Associates, Kay R. McKim, Westminister, for Respondents Dana's Housekeeping and State Farm and Casualty Insurance Company.

No Appearance for Respondent Industrial Claim Appeals Office.

Opinion by Judge CASEBOLT.

Claimant, R. Lynne McCallum, seeks review of the final order of the Industrial Claim Appeals Panel (Panel) upholding the order of the Administrative Law Judge (ALJ) that denied her claim for temporary total disability benefits (TTD) based on work-related stress. We affirm.

Claimant alleges that she sustained a compensable injury as the result of stress on the job for a period of several weeks prior to and including May 13, 1994, the date she left her employment as an office manager with Dana's Housekeeping (employer). Her claim form and position statement indicate that the stressful event triggering her actual separation from employment occurred on May 13, 1994, when her assistant manager quit, leaving her with insufficient staff. However, claimant also argued at the hearing that her stress resulted from overwork due to her responsibility for training the assistant manager while also completing her normal duties and from the employer's alleged delay in not sending a substitute for the assistant manager until several hours after her departure.

In concluding that claimant had failed to prove that she suffered a compensable mental impairment due to job stress, the ALJ found that claimant was unable to satisfy the requirements of § 8–41–301(2), C.R.S. (1996 Cum.Supp.), which provides, in pertinent part, that:

(a) A claim of mental impairment must be proven by evidence supported by the testimony of a licensed physician or psychologist. For purposes of this subsection (2), mental impairment means a disability arising from an accidental injury arising out of and in the course of employment when the accidental injury involves no physical injury and consists of a psychologically traumatic event that is generally outside of a worker's usual experience and would evoke significant symptoms of distress in a worker in similar circumstances. A mental impairment shall not be considered to arise out of and in the course of employment if it results from a disciplinary action, work evaluation, job transfer, lay-off, demotion, promotion, termination, retirement, or similar action taken in good faith by the employer.

. . . .

(c) The claim of mental impairment cannot be based, in whole or in part, upon facts and circumstances that are common to all fields of employment.

Applying the statute, the ALJ determined that, as a manager, claimant reasonably could be expected to handle periods of increased work load and the accommodation of new personnel. The ALJ further found that an evaluation of claimant by her supervisor just before her separation from employment was of the type normally conducted in all fields of employment and would not have evoked significant distress in a similarly situated employee.

■ On appeal, claimant asserts that the ALJ erred by relying on § 8–41–301(2) because it pertains only to instances of mental impairment resulting from a single traumatic event, not to a series of events or a period of

ongoing stress, and therefore is inapplicable to her claim. We disagree with claimant's interpretation of § 8–41–301(2) and hold that the ALJ properly applied that statute in determining whether claimant had suffered a compensable injury.

It is axiomatic that a statute should be construed so that the true intent and meaning of the General Assembly may be fully carried out. Section 2–4–212, C.R.S. (1980 Repl.Vol. 1B); *Mountain Mobile Mix, Inc. v. Gifford,* 660 P.2d 883 (Colo.1983). And, it is presumed that the General Assembly intends the statute to have a just and reasonable result. Section 2–4–201(1)(c), C.R.S. (1980 Repl.Vol. 1B); *McClellan v. Meyer,* 900 P.2d 24 (Colo.1995).

Further, singular terms are deemed to include the plural, and conversely, plural terms are deemed to include the singular. Section 2–4–102, C.R.S. (1980 Repl.Vol. 1B); *Renck v. Motor Vehicle Division,* 636 P.2d 1294 (Colo.App.1981).

When the statutory language lends itself to alternative constructions and its intended scope is unclear, we may look to pertinent legislative history to determine the purpose of the legislation. Section 2–4–203(1)(c), C.R.S. (1989 Repl.Vol. 1B); *In re Marriage of Parker,* 886 P.2d 312 (Colo.App. 1994). The goal is to determine and give effect to the intent of the General Assembly and adopt the statutory construction that best effectuates the purposes of the legislative scheme. *Martin v. Montezuma–Cortez School District RE–1,* 841 P.2d 237 (Colo. 1992). Thus, interpretations that would defeat the obvious purpose of the statute should be avoided. *People v. Padilla,* 878 P.2d 4 (Colo.App.1993).

Here, we read § 8–41–301(2) to apply not only to a single traumatic event, but also to multiple traumatic events. Therefore, it applies to a series of stressful incidents.

Not only is this result consistent with construction of the singular to include the plural, but this interpretation is supported when reviewed in the context of the purposes of the statute.

Section 8–41–301(2) was enacted to prevent frivolous and unnecessary claims by providing an objective basis for the proof of stress-related claims which arise independent of a physical injury. *Tomsha v. City of Colorado Springs,* 856 P.2d 13 (Colo.App. 1992); *see also Oberle v. Industrial Claim Appeals Office,* 919 P.2d 918 (Colo.App.1996). If we held, as is urged by claimant, that § 8–41–301(2) does not apply when stress-related mental impairments are caused by *multiple* traumatic events, the legislative purpose for the proof requirements imposed by § 8–41–301(2) would be frustrated.

While claimant asserts that such a distinction should be drawn, she provides no rationale explaining why the General Assembly would have intended work-related stress resulting from multiple events to be excluded from the scope of § 8–41–301(2). Claimant also does not address why the standard rule of statutory construction pertaining to singular and plural terms would not operate in this instance.

Consequently, even if we were to accept, *arguendo,* that the specific language of § 8–41–301(2) addressed only mental impairments caused by a single event, adoption of such a construction would be ill-advised since it would defeat the objective of the evident legislative intent. *Henderson v. RSI, Inc.,* 824 P.2d 91 (Colo.App.1991).

For these reasons, we hold that the ALJ properly applied § 8–41–301(2) to the claim for benefits asserted here. Hence, because the statute is applicable, and because claimant does not challenge the sufficiency of the findings by the ALJ that defeat her statutory claim, we necessarily affirm the order on this basis.

Having so determined, it is unnecessary for us to reach claimant's additional contention regarding the applicability of § 8–41–301(2)(a) in its prior form.

The order is affirmed.

NEY and DAVIDSON, JJ., concur