**BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ARAPAHOE, State of Colorado, Plaintiff–Appellant,**

v.

**CITY OF GREENWOOD VILLAGE; City Council of the City of Greenwood Village; and Cherry Creek Vista Holding Partnership, a Colorado limited partnership, Defendants–Appellees.**

No. 00CA1634.

Colorado Court of Appeals, Div. IV.

July 5, 2001.

Kathryn L. Schroeder, County Attorney, John E. Bush, Jr., Deputy County Attorney, Littleton, CO, for Plaintiff–Appellant.

Hayes, Phillips & Mahoney, P.C., Herbert C. Phillips, Denver, CO, for Defendants–Appellees City of Greenwood Village and City Council of the City of Greenwood Village.

Hahn, Smith & Walsh, P.C., David J. Hahn, John W. Smith, Cynthia A. Calkins, Denver, CO, for Defendant–Appellee Cherry Creek Vista Holding Partnership.

Opinion by Judge ROTHENBERG.

Plaintiff, the Board of County Commissioners of the County of Arapahoe (County), appeals a judgment by the district court upholding an annexation of real property owned by defendant, Cherry Creek Vista Holding Partnership (CCVH), by defendant City of Greenwood Village (City), acting through its city council (City Council). We affirm.

I.

This case involves the City's annexation of a single-family developed lot (Lot 8) owned by William S. Fallin and Judith L. Fallin (the Fallins), and the annexation of an 80–acre parcel of vacant land and certain public rights of way owned by CCVH (Cooper parcel). The County concedes that Lot 8, standing alone, is eligible for annexation, but the County objects to the circumstances of the annexations here, including the division of Lot 8 and the City's disconnection and reannexation of property.

In 1998, the Fallins and CCVH filed three separate petitions to annex Lot 8 and the Cooper parcel to the City under the Municipal Annexation Act (Annexation Act), § 31–12–101, et seq., C.R.S.2000. The petitions included property located at the intersection of Belleview Avenue and Cherry Creek Drive that was already within the City's boundary. The petitions divided Lot 8 into multiple one-foot strips of land so that the Cooper parcel satisfied the contiguity requirements of the Annexation Act.

Shortly after the above petitions were filed, the City filed a petition to disconnect or detach from the City's boundary the property located at the intersection of Belleview Avenue and Cherry Creek Drive. The City Council accepted the disconnection petition and the three petitions for annexation, and set a public hearing date as required by the Annexation Act. At the public hearing, an assistant county attorney testified in opposition to the proposed annexations and expressed his opinion that they were invalid

under the Annexation Act. However, there was no other opposition to the annexations.

After determining that the proposed annexations satisfied the Annexation Act, the City Council passed four ordinances which were duly approved by the voters. City of Greenwood Village Ordinance No. 20, Series of 1998, disconnected the City's property. City of Greenwood Village Ordinances Nos. 21-23, Series of 1998, annexed the Cooper parcel to the City, including the disconnected property.

The County appealed to the district court, asserting among other things that the annexations: (1) failed to meet the one-sixth contiguity requirement of the Annexation Act; (2) violated the Annexation Act by dividing Lot 8 into multiple one-foot strips; and (3) failed to meet any statutory purpose.

The district court rejected the County's arguments and concluded, *inter alia,* that:

[T]here is no language in the [Annexation] Act that prohibits this type of division from establishing contiguity. The legislature could have prohibited this type of division if it had desired to do so. This court must accept the statutory language as enacted, however unusual the result may be, and defer to the legislature any changes it determines to be in the public interest as to how a city may annex property.

At the ... public hearing on the annexations, the City heard sworn testimony from attorneys for the annexation petitioners ... that the division of [Lot 8] was a legally acceptable means of establishing the contiguity requirement for the annexations.... The City also had access to the Annexation Maps, which showed the areas to be annexed, how they were divided, and the contiguous perimeter totals.... [A][c]ouncil member ... also indicated that, based on legal briefing, the city attorney was convinced that the contiguity requirement was satisfied and the method was legally acceptable.... Although [an] Assistant County Attorney ... testified at the hearing that the one-sixth contiguity requirement was not met, he offered no statutory or case law authority to support that assertion, and focused mainly on there

being no community of interest between the land proposed for annexation and the City.

II.

The County contends that the Cooper parcel annexation is invalid for several reasons and that the district court erred in concluding otherwise. We disagree.

■ The Annexation Act sets forth the statutory procedures that a city must follow to annex property. *Minch v. Town of Mead,* 957 P.2d 1054 (Colo.App.1998).

Judicial review of an annexation is a special statutory proceeding and is limited to determining whether the city exceeded its jurisdiction or abused its discretion. Section 31-12-116(3), C.R.S.2000; *MidCities Co. v. Town of Superior,* 916 P.2d 595 (Colo.App. 1995), *aff'd,* 933 P.2d 596 (Colo.1997).

■ The district court's review of an annexation is based solely on the record that was before the city, and under the applicable standard of review, the annexation must be affirmed unless there is no competent evidence in the record to support it. *Krupp v. Breckenridge Sanitation District,* 1 P.3d 178 (Colo.App.1999), *aff'd on other grounds,* 19 P.3d 687 (Colo.2001). We apply the same standard of review to the city's decision as did the district court. *Denargo Market Neighbors Coalition v. Visser Real Estate Investments,* 956 P.2d 630 (Colo.App.1997).

A.

■ The County maintains that the Cooper parcel annexation fails to meet the one-sixth contiguity requirement of the Annexation Act. We disagree.

Under § 31-12-104(1)(a), an area is eligible for annexation if the governing body determines at a hearing that:

[N]ot less than one-sixth of the perimeter of the area proposed to be annexed is contiguous with the annexing municipality. Contiguity shall not be affected by the existence of a platted street or alley, a public or private right-of-way ... between the annexing municipality and the land

proposed to be annexed. Subject to [certain requirements], contiguity may be established by the annexation of one or more parcels in a series, which annexations may be completed simultaneously and considered together for the purposes of the public hearing ... and the annexation impact report....

The County asserts that at the time the Fallins and CCVH filed their petitions, the intersection of Belleview Avenue and Cherry Creek Drive was within city limits, and therefore, that the one-sixth contiguity requirement was not met. The County admits that the City expressly disconnected that property and simultaneously re-annexed it upon voter approval, but insists that this procedure was not authorized by the statutory scheme. According to the County, that annexation created an artificial boundary in violation of the Annexation Act because Lot 8 was impermissibly divided into multiple one-foot strips of land in order to satisfy the one-sixth contiguity requirement.

■ However, we agree with the district court that while the Annexation Act may not have contemplated that the City would disconnect and then re-annex property, as occurred here, nothing in the statutory scheme prohibits such action. The court must apply the statutory language as it was enacted, and the express language of § 31–12–104(1)(a) allows a petitioner, such as the City, to establish contiguity through a series of annexations.

The size and shape of a parcel to be annexed is immaterial and is conclusively a legislative problem. Courts will not read into the annexation statutes limitations relating to unusual or irregular shapes or patterns of territory annexed.

*Board of County Commissioners v. City & County of Denver*, 37 Colo.App. 395, 398, 548 P.2d 922, 924 (1976) (citation omitted).

The County relies on *Cesario v. City of Colorado Springs*, 200 Colo. 459, 616 P.2d 113 (1980), for the proposition that a city may not annex a parcel of property that includes property already within the city limits. However, *Cesario* involved a proposed annexation under a version of § 31–12–106, C.R.S.2000, that has been repealed. Here,

the Cooper parcel annexation was not subject to the current requirements of § 31–12–106 because the property was not entirely surrounded by the City. Unlike the circumstances in *Cesario*, the voters here also approved the disconnection and re-annexation of the property. Thus, *Cesario* does not require a different result.

It is undisputed that if the City is allowed to establish contiguity using the procedure employed here, the Cooper parcel annexation satisfies the one-sixth contiguity requirement of § 31–12–104(1)(a).

In summary, we conclude that the City's division of the property into multiple one-foot strips of land, while unusual, satisfied the Annexation Act. Accordingly, we agree with the district court that the City Council did not exceed its jurisdiction or abuse its discretion in determining that the Cooper parcel annexation met the one-sixth contiguity requirement. *See* § 31–12–116(3); *MidCities Co. v. Town of Superior, supra; Board of County Commissioners v. City & County of Denver, supra.*

### B.

■ In its reply brief and at oral argument, the County claimed that the original petitions "do not meet all legal requirements" and that several alleged deficiencies in the petitions invalidated the annexations. However, these arguments for reversal of the judgment were raised for the first time in the reply brief or during oral argument, and for that reason will not be considered on appeal. *See Karg v. Mitchek*, 983 P.2d 21 (Colo.App. 1998).

### C.

■ The County next contends the annexations do not meet any statutory purpose because: (1) the City Council failed expressly to state that the community of interest requirement in § 31–12–104 had been satisfied; (2) the City Council also failed to mention any of the legislative purposes listed in § 31–12–102, C.R.S.2000; and (3) the annexations do not fit into the City's annexation policy. We are not persuaded.

**850**

Section 31–12–102 states that the purposes of the Annexation Act include extending government services, simplifying governmental structure in urban areas, and increasing the ability of municipalities to provide their citizens with services.

Section 31–12–104(1)(b) requires that a community of interest exist between the area proposed to be annexed and the annexing municipality, and the statute also provides that unless specific circumstances—not present here—are shown to exist:

> [t]he fact that the area proposed to be annexed has the contiguity with the annexing municipality required by [§ 31–12–104(1)(a) ] shall be a basis for a finding of compliance with these requirements . . . .

At the public hearing, the City's planner testified that a community of interest existed, and the City Council adopted a resolution expressly stating that a community of interest existed. Further, the district court concluded that the City met its statutory requirements under the Annexation Act, and that there was no language in §§ 31–12–102 or 31–12–104 requiring that the City expressly state its purpose or state the existence of a community of interest.

We agree that once the one-sixth contiguity requirement is satisfied, the community of interest requirement is also satisfied. *See Board of County Commissioners v. City & County of Denver,* 193 Colo. 325, 566 P.2d 335 (1977)(city may determine its own annexation policy with respect to each annexation and therefore, for purposes of a present annexation, the city repeals any prior inconsistent annexation policy).

We therefore reject the County's contentions that the annexations failed to satisfy the statutory purpose and that the City exceeded its jurisdiction or abused its discretion in failing expressly to state the statutory purpose of the annexations. *See* § 31–12–116(3); *MidCities Co. v. Town of Superior, supra.*

Judgment affirmed.

RULAND and VOGT, JJ., concur.