Robert L. **SPRACKLIN**, Petitioner,

v.

**INDUSTRIAL CLAIM APPEALS OF-FICE of the State of Colorado, Superva-lu, and Liberty Mutual Insurance Company, Respondents.**

No. 02CA0274.

Colorado Court of Appeals,
Div. IV.

Oct. 24, 2002.

Certiorari Denied April 14, 2003.

Gordon & MacDonald, P.C., William J. MacDonald, Denver, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Hall & Evans L.L.C., Keith E. Mottram, Denver, Colorado, for Respondents Supervalu and Liberty Mutual Insurance Company.

Opinion by Judge DAVIDSON.

In this workers' compensation case, Robert L. Spracklin (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) determining that the one-year statute of limitations in § 8–43–304(5), C.R.S. 2002, barred his request for penalties against Supervalu and its insurer, Liberty Mutual Insurance Company (collectively employer). We affirm.

The facts are undisputed. Claimant suffered a compensable injury in February 1999. The physician performing the division-sponsored independent medical examination (DIME) assigned a four percent whole person impairment rating. Employer received the DIME report on December 13, 1999, and claimant also received a copy sometime that month.

On May 11, 2001, claimant filed an application for hearing and requested an order imposing penalties in the amount of $500 per day under § 8–43–304(1), C.R.S.2002, for employer's failure to comply with Dep't of Labor & Employment Rule IV(N)(6), 7 Code Colo. Regs. 1101–3. That rule provides that within thirty days after the mailing of the DIME report, the insurer shall either admit liability consistent with the DIME physician's medical impairment rating or file an application for hearing on the issue of medical impairment.

Employer conceded that it did not comply with Rule IV(N)(6) within the thirty-day period. Employer did not issue any payment for permanent partial disability benefits until

June 5, 2001, and did not file a final admission concerning the payments until June 27, 2001. However, employer asserted that the penalty claim was barred by § 8–43–304(5), which states: "A request for penalties shall be filed with the director or administrative law judge within one year after the date that the requesting party *first knew or reasonably should have known the facts giving rise to a possible penalty* " (emphasis added).

Finding that claimant received a copy of the DIME report in December 1999, the Administrative Law Judge (ALJ) determined that claimant therefore knew or reasonably should have known by January 31, 2000, that employer had violated Rule IV(N)(6). The ALJ found that claimant did not request penalties until he filed an application for hearing on May 11, 2001, which was after the expiration of the one-year statute of limitations. Accordingly, the ALJ denied the penalty claim, and the Panel affirmed.

█ Claimant contends that every day employer violated Rule IV(N)(6) constituted a separate and distinct violation for which penalties may be imposed. Accordingly, claimant contends the May 11, 2001, application for hearing was a timely request for penalties from May 11, 2000, until employer's final admission, and that the failure to file an application for hearing before May 11, 2001, bars penalties only for the violations from January 12, 2000, which was thirty days from the date of mailing of the DIME report, to May 10, 2000. As a result, claimant asserts that § 8–43–304(5) acts not as a statute of limitations in this instance, but as a cap on the amount of recovery. We are not persuaded.

█ In construing statutes, courts must give effect to the underlying legislative intent. To do so, courts first look to the statutory language itself, giving words and phrases their commonly accepted and understood meaning. If the statutory language is unambiguous, there is no need to resort to interpretive rules of statutory construction. Therefore, if courts can give effect to the ordinary meaning of the words adopted by the General Assembly, the statute should be construed as written, because it may be presumed that the General Assembly meant

what it clearly said. *Colo. Springs Disposal v. Indus. Claim Appeals Office,* 58 P.3d 1061 (Colo.App. No. 01CA0464, Mar. 28, 2002).

As pertinent here, § 8–43–304(1) provides that any employer or insurer who fails or neglects to obey any lawful order shall be punished by a fine of not more than $500 per day for each such offense. *Giddings v. Indus. Claim Appeals Office,* 39 P.3d 1211 (Colo.App.2001). The term "order" as used in this penalty provision includes a "rule." *See* § 8–40–201(15), C.R.S.2002; *Holliday v. Bestop, Inc.,* 23 P.3d 700 (Colo.2001).

In turn, § 8–43–305, C.R.S.2002, provides, inter alia, that each day the employer or insurer fails to comply with any lawful order constitutes a separate and distinct violation and that in any action brought to enforce the penalty, such violation shall be considered cumulative and may be joined in the action.

Construing this statute with the provisions in § 8–43–304(1) and (5), as we must, *see Kinder v. Indus. Claim Appeals Office,* 976 P.2d 295 (Colo.App.1998)(when two or more statutes address the same subject matter, the statutes should be construed together), we are not convinced that § 8–43–305 governs the date of the violation for purposes of the statute of limitations.

The purpose of § 8–43–304(5), like any limitations period, is to ensure the prompt litigation of penalty claims once the underlying violation is first discovered. *See Jones v. Cox,* 828 P.2d 218 (Colo.1992)(purpose of statutes of limitation is to promote justice, discourage unnecessary delay, and forestall prosecution of stale claims). This purpose would be defeated under claimant's construction because as long as the violation continued, there would be no time limit for filing a request for penalties. *See Curtis v. Counce,* 32 P.3d 585 (Colo.App.2001) (rejecting construction that would lengthen the statutory limitations period until after final annuity payment for lottery proceeds); *Brown v. Am. Family Ins. Group,* 989 P.2d 196 (Colo.App.1999)(construction that would effectively eliminate the statute of limitations and frustrate its purpose is an absurd result which should not be reached).

The purpose of § 8–43–305, as evidenced by its plain language, is entirely different.

By declaring each day a separate offense, the General Assembly provided for the joinder of penalty claims for ongoing conduct after the date of the claim.

Thus, under the plain language of § 8–43–304(5), a request for penalties must be filed within one year of the date a party "first" knows or reasonably should know "the facts giving rise to a possible penalty." Giving effect to this plain language, we conclude that § 8–43–304(5) requires a request for penalties to be filed within one year after the requesting party first became aware of the circumstances that constitute a violation and support the imposition of a penalty, even if that violation was ongoing.

In our view, this reading effectuates the legislative intent and gives consistent, harmonious, and sensible effect to §§ 8–43–304(1), 8–43–304(5), and 8–43–305. *See In re Petition of D.S.L.*, 18 P.3d 856 (Colo.App. 2001). And, because we conclude that the statutes at issue here are plain and unambiguous, we have no need to resort to the transcripts of the legislative tapes employer attached to its answer brief to show that § 8–43–304(5) was intended as a statute of limitations. *See Colo. Springs Disposal v. Indus. Claim Appeals Office, supra.*

Here, claimant does not dispute the ALJ's finding that he knew or reasonably should have known that employer was in violation of Rule IV(N)(6) when he did not receive from employer permanent disability payments, an admission of liability for permanent disability benefits, or an application for hearing by the end of January 2000. Accordingly, the statute of limitations commenced to run by February 1, 2000, and the ALJ did not err in finding that the statute of limitations had expired before claimant filed the May 11, 2001, application for hearing.

The order of the Panel is affirmed.

Judge VOGT and Judge PLANK * concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2002.