**Lana L. DAVISON, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, City of Loveland Police Department, and CIRSA, Respondents.**

No. 02CA0922.

Colorado Court of Appeals, Div. IV.

Jan. 2, 2003.

Certiorari Granted June 30, 2003.

Jan A. Larsen, P.C., Jan A. Larsen, Fort Collins, Colorado, for Petitioners.

Ken Salazar, Attorney General, Laurie Rottersman, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Nathan, Bremer, Dumm & Myers, P.C., Anne Smith Myers, Michelle N. Young, Denver, Colorado, for Respondents City of Loveland Police Department and CIRSA.

Opinion by Judge DAILEY.

In this workers' compensation proceeding against the City of Loveland Police Department and its insurer, CIRSA (collectively employer), Lana L. Davison (claimant), the widow of David A. Davison (decedent), seeks review of a final order of the Industrial Claim Appeals Office (Panel) denying her claim for death benefits. We affirm.

Decedent, a police department captain, committed suicide in 1996. Claimant sought death benefits, alleging that decedent suffered from depression caused by job-related stress. Claimant asserted that decedent was troubled by the duty of imposing discipline on other officers and was particularly disturbed when he learned, shortly before his death, that police officers under his command engaged in improper conduct during a sting operation designed to apprehend prostitutes.

Claimant presented the testimony of a psychiatrist, who opined that decedent suffered from a major depressive disorder that was the result of a "combination of things," including job pressures which had been building over four to five years. The psychiatrist expressly stated that the "chief factor" in decedent's depression was job pressure, including the sting operation.

Employer presented the testimony of its psychiatrist, who stated that in a person with a major depressive disorder, the precipitating event is usually found in the first episode, while subsequent major depressive episodes "occur out of the blue." He also testified that he did not believe that decedent's death was triggered by his employment and that by the time of decedent's suicide, "external events wouldn't be nearly as important" as biological changes resulting from the untreated depression.

This case was remanded twice by the Panel, the first time after the Administrative Law Judge (ALJ) denied the claim, and the second time after benefits were awarded.

On the second remand, the ALJ again found that claimant was entitled to death benefits. The Panel set aside the order, however, concluding that claimant did not prove her claim because her psychiatrist did not testify that decedent experienced a traumatic event that would evoke significant symptoms of distress in a worker in similar circumstances.

Claimant now contends that a psychiatrist need not provide such testimony in support of a work-related mental impairment claim. We disagree.

The mental impairment statute applicable to this claim provided:

A claim of mental impairment must be proven by evidence supported by the testimony of a licensed physician or psychologist. For purposes of this subsection (2), "mental impairment" means a disability arising from an accidental injury arising out of and in the course of employment when the accidental injury involves no

physical injury and consists of a psychologically traumatic event that is generally outside of a worker's usual experience and would evoke significant symptoms of distress in a worker in a similar circumstances.

Colo. Sess. Laws 1991, ch. 219, § 8–41–301(2)(a) at 1294–95; *see Oberle v. Indus. Claim Appeals Office,* 919 P.2d 918, 919 (Colo.App.1996)(interpreting the provision applicable here); *cf.* § 8–41–301(2)(a), C.R.S. 2002 (applicable to injuries occurring on or after July 1, 1999).

■ Claimant argues that only the first part of the definition in § 8–41–301(2)(a)— "disability arising from an accidental injury arising out of and in the course of employment when the accidental injury involves no physical injury" is logically susceptible of medical or psychological testimony because it involves the diagnosis and causation of a condition. According to claimant, the second part of the definition—"a psychologically traumatic event that is generally outside of a worker's usual experience and would evoke significant symptoms of distress in a worker in a similar circumstances"—is not susceptible of this type of expert testimony. We are not persuaded.

■ In construing statutes, courts must give effect to the underlying legislative intent. To do so, courts first look to the statutory language itself, giving words and phrases their commonly accepted and understood meanings. If the statutory language is unambiguous, there is no need to resort to interpretive rules of statutory construction. Therefore, if courts can give effect to the ordinary meaning of the words adopted by the General Assembly, the statute should be construed as written, because it may be presumed that the General Assembly meant what it clearly said. *Spracklin v. Indus. Claim Appeals Office,* 66 P.3d 176, ——, 2002 WL 31387313 (Colo.App. No. 02CA0274, Oct. 24, 2002).

Section 8–41–301(2)(a) clearly states that the testimony of a physician or psychologist must support a claim for mental impairment. The definition of "mental impairment," under the statute, includes both parts referred to by claimant. Thus, we are bound to construe the statute as written because we can give effect to the requirement that a physician or psychologist testify as to whether a psychologically traumatic event is generally outside of a worker's usual experience and would evoke significant symptoms of distress in a worker in a similar circumstance. *See Spracklin v. Indus. Claim Appeals Office, supra.*

■ To hold otherwise would ignore the clear intent of the statute. The mental impairment statute was enacted to eliminate frivolous mental impairment claims by requiring an enhanced quality of proof, because these claims are less subject to direct proof and more susceptible of being frivolous in nature. *Oberle v. Indus. Claim Appeals Office, supra,* 919 P.2d at 920. The proof required is the work product of a licensed physician or psychologist on the issue of mental impairment as defined in the statute, in addition to any other evidence the claimant presents on behalf of the claim. *See State Dep't of Labor & Employment v. Esser,* 30 P.3d 189, 196 (Colo.2001).

Thus, we are not persuaded by claimant's assertion that requiring the testimony of a physician or psychologist only on the issue of diagnosis and causation, as set forth in the first part of the definition, adequately addresses the prevention of frivolous claims. Although claimant argues that physicians and psychologists are simply unequipped to testify as to the usual experiences of workers in various types of employment or the symptoms of distress a psychologically traumatic event would cause similarly situated workers, the General Assembly did not agree. Because we cannot say that such topics are necessarily beyond the expertise or specialized knowledge of physicians or psychologists, we apply the statute as written. *See People v. Banks,* 9 P.3d 1125, 1131 (Colo. 2000)(courts must "effectuate the General Assembly's choice of wording if the result of doing so is not absurd"); *see also Concerned Parents of Pueblo, Inc. v. Gilmore,* 47 P.3d 311, 313 (Colo.2002)(courts may not "substitute [their] own public policy determinations for those of the General Assembly").

Finally, we decline to address those issues claimant raises for the first time in her reply brief. *See Bd. of County Comm'rs v. City of Greenwood Village*, 30 P.3d 846, 849 (Colo. App.2001).

The Panel's order is affirmed.

Judge DAVIDSON and Judge VOGT concur.